### STEWART v. SCANNELL.

A sale of merchandise by bill of sale, the goods remaining in the possession of the vendors as warehousemen at a regular charge, and their receipt given for the goods on storage, the vendors doing business as commission merchants, and sometimes receiving goods on storage, is void as to the creditors of the vendors.

The absence of any fraudulent intent will not take the case out of the statute. There must be an actual and continued change of possession, or the sale is void as to creditors.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiffs bought forty-five barrels of whisky of Messrs. Lowe, Ebbetts & Co., who were commission merchants, and sometimes received goods on storage. At the time of the purchase, the plaintiff received from Lowe, Ebbetts & Co. a bill of sale for the whisky, and a warehouse-receipt for it, to remain with the vendors on storage at fifty cents per barrel. No change was made in the position of the whisky in the warehouse at the time of the sale or afterwards, by the plaintiffs, and no delivery made or change of possession except what passed by the receipt and bill of sale. While the goods remained with Lowe, Ebbetts & Co. they were attached by the sheriff, at the suit of Robertson v. Lowe, Ebbetts & Co., who recovered judgment against them for more than three thousand dollars. The plaintiffs brought their suit to recover the whisky. Judgment was given for the defendants, and the plaintiffs appealed.

*J. A. McDougall and W. G. Morris* for Appellants.

The cause went to trial, and a special verdict was rendered, ascertaining : First—that Stewart & Co. purchased the whisky of Lowe & Ebbetts, and paid the price. Second—that Lowe & Ebbetts did a jobbing, commission, and storage business. Third—that Lowe & Ebbetts gave Stewart & Co. a receipt and a warehouse-certificate. Fourth—that the whisky remained with Lowe & Ebbetts, as warehousemen, on storage, at the rate of

fifty cents per month per barrel, without further change of possession.

In Atkins v. Barwick, 1 Strang., 167, Fortescue, J., says: "Property, by our law, may be divested without an actual delivery, as of a horse in a stable." The common law rule is well discussed in 1 Parsons on Contracts, 440, et seq., and notes. In volume second of the same work, page three hundred and twenty, it is said, that at "common law, if the seller makes a proposition, and the buyer accepts, and the goods are in the immediate control and possession of the seller, and nothing remains to be done but to identify them, or in any way prepare them for delivery, the sale is complete, and the property in the goods passes at once and immediately."

The statute of 13 Elizabeth first made the want of delivery or transfer of possession evidence of fraud; afterwards, the statute of 29 Charles II, called the Statute of Frauds and Perjuries, in express terms, required, in order to sustain an action, both delivery and acceptance. (See 2 Parsons, 320.)

Under the provisions of these statutes, the provisions of which, in substance, have been incorporated into the statutes of all the States except Louisiana, what constitutes in fact a delivery and change of possession, has been a continual subject of discussion. 2 Parsons on Contracts, 323–4, (a work of the highest authority,) abstracts the rule as follows:

"It may be said, in general, that a delivery must be a transfer of possession and control, made by the seller, with the purpose and effect of putting the goods out of his hands. This is a sufficient delivery, whatever its form. Hence, it may be constructive, as by the delivery of the key of a warehouse, or making an entry in the books of the warehouse-keeper, or delivery with endorsement of a bill of lading, or even of a receipt, or without even such as this where the goods are bulky and difficult of access, as a quantity of timber floating in a boom, or a mass of granite, or a large stack of hay."

The cases cited in the notes to the foregoing text, give the entire law upon the subject.

A transfer and delivery by symbol, or the muniment of title and right, is the only mode whereby "immediate delivery" can be made of a large class of personal property, and indeed of most of the property which is the subject of commerce. In many cases where it is possible it would involve an inconvenience which would be almost destructive of commercial enterprise.

Bennett v. Goddard, 3 Mason, 111, is a case where the vendor sold fifty-one bales of cotton in his own warehouse, and in consideration of the purchase agreed that the cotton should remain rent free, for a certain time. The vendor became insolvent, and the question arose as to the sufficiency of the sale. In this case Story, J., says: "The principal question in cases of this sort, is

to ascertain whether there has been an actual or constructive delivery. The latter is just as effectual as the former, and may be inferred from circumstances, as well as established by direct proof." After discussing the authorities, the Judge proceeds to say : "There was a complete delivery of the cotton to Ballard. Nothing remained to be done on either side." * * * "Neither party contemplated any further act to be done." He further proceeds to say, "There is nothing in reason or principle to make the present case different; simply because the bales of cotton remained in plaintiff's own warehouse. It was a part of the bargain that they should so remain, and a part of the consideration of the purchase. The warehouse must be deemed, after the purchase, to be virtually the warehouse of Ballard, (vendee) for this purpose, or for so much storage as was virtually hired by him."

In conclusion : The appellants insist that there was a perfect sale ; that there was a constructive delivery, which vested in appellants a perfect title ; that by his delivery appellants became actually possessed, and had the entire right to and power over, the property in question ; that therefore the appellants were not within our Statute of Frauds, and had a perfect right to recover upon the special verdict in the Court below.

*Williams, Shafter & Park,* for Respondent.

This action is only one of a legion of cases in which Courts have been called upon to make a practical application of the principle, that a vendee of personal property must assume at once all external *indicia* of title, in order to protect himself against the creditors of the vendor. So fully is this principle recognized in this country, that it is believed that the only substantial difference existing in the various States is, as to the conclusiveness of the presumption of fraud arising from the failure of the vendee to take possession. In this State the statute stands upon the extremest rule of caution and promptitude. The sale must be "accompanied by an immediate delivery, and be followed by an actual and continued change of possession."

In *Fitzgerald et al. v. Gorham,* 4 Cal., 289, this Court adopted the same rigorous rule. Neither *bona fide* nor constructive possession in the vendee will protect him, but his outward act of *actual* possession must accompany his good faith.

It was submitted that it was the express object of the State of California, to go to the extreme limit, and to avoid the uncertainty of the decisions upon this branch of the law.

There are no circumstances which can by any possibility take this case out of the rule ; the plaintiffs had done no act whatever amounting to, or looking towards an actual possession of the property sold ; but on the contrary, their warehouse-receipt from

their vendors, in terms, states that the property was left by plaintiffs in the possession and control of the vendors.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, J., concurring.

The only question presented by the record, is, whether the sale was void, as against the creditors of Lowe, Ebbetts & Co., under the provisions of the fifteenth section of our Statute of Frauds, which requires the sale to be " accompanied by an immediate delivery, and be followed by an actual and continued possession of the property sold." Com. L., 201.

The language of the statute is exceedingly strong, and the intention manifest. The change of possession from the vendor to the vendee, must not only be *actual*, but also *continued*. The object of the statute being the prevention of fraudulent sales of goods, no means more simple and efficient could have been adopted to have accomplished the end intended, than that requiring this actual and continued change of possession. It takes away from the parties the means of carrying out their fraudulent intent, and removes the temptation. As the fraudulent vendor cannot remain in possession, under any pretence whatever, he is compelled to trust entirely to the fidelity of the fraudulent vendee. But if, by arranging proper bills of sale, warehouse-receipts, or other papers, the vendor was permitted to retain possession in *any* capacity whatever, the rigid provisions of the statute would be practically useless. In such case, as a fraud cannot be presumed, but must be proved, the creditor would not, in most instances have any means of protection left. The transaction would look fair upon its face, while the actual power of proof would be taken away.

The present case falls within the principle settled by this Court in the case of Fitzgerald v. Gorham, 4 Cal. Rep., 289. In that case, as in this, there was no actually fraudulent intent. But the Court held that " it was the very case upon which the statute intended to operate."

The statute makes certain facts *conclusive evidence* of fraud, and whatever may or may not be the actual intention of the parties, if the actual facts exist which are contemplated by the law, the sale is void. In the case referred to, the vendor was only employed in the capacity of a clerk, at a monthly salary. The goods were as much under the actual control of the vendees in that as in this case. The two cases are the same in principle. In one case, the vendor afterwards had possession of the property, *as clerk*, and in the other, as warehouseman. In both, the vendors were but agents or servants of the vendees, but in both they had the actual possession that renders the sale void as against creditors, while good as between themselves. In the

present case, the change of possession of the whisky was only constructive, and not actual.

Judgment affirmed.