## BACON v. SCANNELL et al.

The cases of Fitzgerald and Brown v. Gorham, (4 Cal. R., 289,) Stewart v. Scannell, (8 Cal. R., 80,) and Vance v. Boynton, (8 Cal. R., 554,) affirmed.

The change of possession of the property sold, must be continued. The statute does not fix any limits when this change may cease, and if Courts could put limits to it, they could do away with the clear language of the law.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

In 1851, the plaintiff Bacon, and E. L. Boardman, commenced business in the city of San Francisco, as hardware merchants, under the style of Boardman, Bacon & Co. The business was continued until the twenty-fourth day of May, 1856, at which time the partnership was dissolved, and Bacon went out of the business. From this time to the twenty-first of June, 1856, the business was carried on by Boardman, he having exclusive possession of the goods and business. From the twenty-fourth of May to the twenty-first of June, 1856, there was no sign on the house. On the twenty-first day of June, 1856, Boardman sold out the goods to Bacon and delivered the possession thereof, and a day or two thereafter the name of R. H. Bacon was put up over the door, and business was carried on in his name, he employing the necessary help and paying therefor. On the twenty-third of July, 1856, one of Bacon's clerks leaving, he imployed Boardman as clerk, who entered and took charge of the business for Bacon—Bacon in the meantime acting as book-keeper for another house, but returning at intervals to look after the business, and take the money arising from the sales.

Boardman being indebted to the defendants, on the twelfth day of August, 1856, they sued out an attachment against him and seized the goods in the store as the property of Boardman. Soon after the levy of the attachment, Bacon gave the sheriff notice that he claimed the goods as his property. A trial of the right of property was had before a sheriff's jury, and Bacon had the verdict. The defendants, Tallant & Wilde, and Griffing, indemnified the sheriff, and the property was not released. Subsequently defendants recovered judgment in the attachment-suit against Boardman, and the goods were sold on execution issued on said judgment. Thereupon the plaintiff brought this suit to recover the value of the goods.

At the trial, the Court below, at the request of defendants' counsel, instructed the jury as follows: "That if they believed the testimony of the plaintiff's witness, Boardman, that he returned to the charge of the goods in question on the twenty-third of July, 1856, as testified to by him, that under the Statute of Frauds of this State, it was conclusive evidence of fraud, and there was not such a continued change of possession of the goods as to take the case out of the statute, and if the sale was fraudulent against creditors, the plaintiff could not recover."

To this instruction plaintiff's counsel excepted. Defendants had judgment. Plaintiff moved for a new trial, which motion was denied, and plaintiff appealed.

*C. H. S. Williams* for Appellant.

The rule laid down by the District Court, is in substance and legal effect, this:

That upon a fair and *bona fide* sale of personal property, for a full consideration paid, where the vendor delivered possession, and goes away to another country, without any expectation by either party that he should ever have anything further to do with the property—his subsequent employment, (at however remote a period,) to assist in the sale of the property, is conclusive evidence of fraud.

We submit that this is erroneous; and that the true rule is that adopted by the Courts of Kentucky, New Hampshire, Massachusetts, Vermont, and those other States in which the common law is held to be quite as rigid as the statute of this State, and substantially the same in terms, to wit: That the continuance of possession need not be forever; but if it is so long, and so public and notorious as to give notice to those dealing with the vendor, and without any understanding or agreement, that the vendor should resume the possession, it is sufficient "continuance of possession."

In other words, it is sufficient "continuance of possession," if it be, (in the language of Justice Robinson, in Breckenridge *v.* Anderson, 3 J. J. Marsh. R., 714,) so long and in such a manner "as to show that the delivery was not merely formal and colorable." See Clark *v.* Moore, 10 N. H. R., 236; French *v.* Hall, 9 ib., 134, 146; 6 Watts & Sergt. Pa., 94; 13 Sergt. & Rawle, 128, 131; Deney *v.* Thrall, 13 Vt., 281; Farnsworth *v.* Shepard, 6 Vt. R., 521; Wilson *v.* Hooper, 12 Vt. R., 653; 3 Barr, 442.

*Whitcomb, Pringle & Felton,* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This is a case where the vendor of a stock of goods was employed by the purchaser as a clerk to sell them. The goods

were attached as the property of the clerk, by his creditors, and sold by defendant Scannell as sheriff. This suit was brought to recover the value of the goods; and the Court below instructed the jury that if they believed the testimony of plaintiff's witness (the clerk,) they must find for the defendants.

The instruction of the Court was correct. This case falls within the principle settled in the cases of Fitzgerald and Brown v. Gorham, (4 Cal. R., 289; Stewart v. Scannell, 8 Cal., 80, and Vance v. Boynton, October, 1857.) The present case only differs from the first cited above in the fact that the vendor in that case was immediately employed as a clerk to sell the goods, while in this he was away from the store about one month, and was then employed. But this difference in the time of employment constitutes no difference in the actual principle. The statute requires not only an actual but a *continued* change of possession of *the things* sold or assigned. The change of possession must be continued; and the statute does not fix any limits when this change may cease. The language of the statute is very clear and explicit. If we could put any limits to it, we could do away with the clear language of the law. The rule is one expressly created by the statute, and not by the decisions of the Courts; and as the statute puts no limit to the duration of this "continued change of possession," we can make none. If the rule be oppressive, the remedy must be found with the Legislature.

Judgment affirmed.