## CAYCE, Respondent, *vs.* RAGSDALE, Appellant.

1. A defendant, in his plea traversing the affidavit upon which an attachment issued, omitted the word "not." *Held*, It was error to refuse to allow him to amend, after a demurrer sustained.

*Error to St. François Circuit Court.*

*M. Frissell,* for appellant. Mistakes of this kind, when it was the manifest intention of the party to put the truth of the affidavit fairly in issue, are not governed by the same strict rules applied to pleas in abatement at common law. The statute allowing this plea is remedial, and it should not be regarded with the aversion that pleas in abatement were. It differs materially from a plea in abatement, and is styled by the statute a plea *in the nature of* a plea in abatement.

*Glover & Campbell* and *Beal,* for respondent. 1. The statutory plea to an affidavit in an attachment suit is, in its legal construction, a plea in abatement, subject to the same rules. *Livengood* v. *Shaw,* 10 Mo. Rep. 274. *Hatry* v. *Shuman,* 13 ib. 547. R. C. 1845, p. 139, sec. 25. 2. A plea in abatement was not amendable. 1 Chitty's Plead. 465. 10 Mo. Rep. 274. 5 Wend. 72. 3. The plea to the affidavit in an attachment suit is a special statutory remedy, not affected by the new practice act of 1849. 4. The plea in this case commences and concludes as a plea in bar ; it will, therefore, be considered as such, and all matter in abatement waived. 1 Chitty's Pl. 460.

RYLAND, Judge, delivered the opinion of the court.

Cayce sued Ragsdale in the Circuit Court of St. François county, on two promissory notes ; one for $6 87, the other for $227 86½. He filed his affidavit, and sued out an attachment. The affidavit, after setting forth the amount of the debt, &c., proceeds thus : " Affiant further states that he has good reason to believe, and does believe, that the said Thomas Ragsdale has absented himself from his usual place of abode in the state of Missouri, so that the ordinary process of law cannot be served upon him." The writ being served on the defendant, he appeared and filed his plea, in the nature of a plea in abatement, which plea is as follows : " And the said defendant comes and says that, at the time stated in the affidavit in this cause, he had not absented himself from his usual place of

abode in this state, so that the ordinary process of law could be served upon him, and the said plaintiff had no good reason to believe so ; and of this he puts himself upon the country," &c. The plaintiff demurred to this plea, because it does not put in issue the truth of the facts alleged in the affidavit, and it does not aver that process could be served ; and because the plea is absurd, uncertain and insufficient. The court sustained the demurrer, and the defendant prayed the court for leave to amend his plea by inserting the word " not" between the words " could" and " be" therein, so as to make it read " could *not* be served," &c., which the court at first granted, but afterwards, upon the plaintiff's counsel objecting, refused to permit the plea to be amended, and ordered the same to be stricken out. The defendant objected to this ruling of the court, and filed his bill of exceptions. The court rendered judgment against the defendant, who brings the case to this court by appeal.

1. Did the court below err in refusing leave to the defendant to insert the word " not" in his plea ? Was this not obviously a clerical omission ? Does it not appear manifestly that the defendant intended to put the truth of the affidavit in issue ? The plea in this case is said to be a plea in the nature of a plea in abatement ; and there are authorities which sustain the court in refusing to permit amendments to pleas in abatement, after a demurrer has been sustained. Such is the ruling at common law by the courts on this subject. But such pleas were strictly pleas in abatement, which were never favored by the courts. Though this plea is by our statute called a plea in the nature of a plea in abatement, it does not fall strictly within all the rules concerning such pleas at common law. It is in the nature of a plea in abatement, for if found true, the plaintiff must dismiss his action. The object of the legislature was, to guard against the evil use of the process by attachment. This species of process had been perverted from its legitimate channel, and was productive of much mischief, and was a crying evil in some parts of our state. To remedy

this state of things, the legislature permitted the defendant, whose property had been attached, to put in issue the facts in the affidavit of the plaintiff by a plea, which the law calls a plea in the nature of a plea in abatement. It is not called a plea in abatement; the law makers did not wish to subject it to all the strictness and rules of such pleas. The case of *Livengood* v. *Shaw*, 10 Mo. Rep. 274, does not show what defects were in the plea in that case—whether they were the mere omissions to insert a word, which the pleader intended should be used; or whether the defects were of a substantial character. That case was tried before me, while on the circuit bench, and from the effort made by the defendant to quash the writ, because the word "justly" was omitted before the word "indebted," in the affidavit, I was, from all the facts before me at that time, satisfied that justice would be promoted by refusing permission to amend the plea, and refused it accordingly. Cases may occur, where it would be right and proper to refuse such permission; and these appeal to the sound discretion of the court below, who sees and understands the conduct of the parties before it. The present case presents no circumstances authorizing the refusal to permit a word to be inserted in the plea, which it is plain was the pleader's intention should be there. It could have operated in no wise to the plaintiff's injury; if he had good cause from the facts before him to sue out his attachment, he could have sustained it before a jury; if he had inconsiderately or improperly used this writ, without sufficient facts to authorize it, he ought to suffer for it by having his suit dismissed. It is consistent with the spirit of our laws, that amendments in furtherance of justice be freely admitted and allowed.

In the opinion of this court, the plea putting the facts of the affidavit in issue is not strictly within the rules of pleading at common law applicable to pleas in abatement; that such pleas may be amended, especially as to mere clerical omissions to insert words obviously designed to be used.

The judgment of the Circuit Court is, therefore, erroneous, and is, by the concurrence of the other Judges, reversed, and the cause is remanded to be further proceeded in according to this opinion.