## J. D. MERCHANT ET AL. v. W. McD. BOWYER.

### No. 187.

1. **Continuance—Diligence not Shown.**—A plaintiff is not entitled to a continuance to procure the evidence of his coplaintiff, where diligence is not shown in the issuance of a commission to take his deposition, as well as in the filing of interrogatories.

2. **Second Continuance — Application must Set Forth the Evidence.**—An application for a second continuance on account of the absence of a witness is wholly insufficient if it fails to set forth the evidence of the witness.

3. **Pleading — Supplemental Answer may be Amended.**— A supplemental answer may be amended as other pleading; and where it asks affirmative relief, it may be amended after plaintiff has taken a nonsuit.

4. **Evidence—Opinion of Witness.**—Where defendant, on the witness stand, stated briefly that there was no consideration for the bond sued on, and plaintiff failed to cross-examine him, or to introduce other evidence on the point, the contention that this statement was a mere conclusion of the witness, and insufficient to sustain a finding that the bond was without consideration, is without avail.

APPEAL from Jones.  Tried below before Hon. J. V. COCKRELL.

*J. F. Cunningham, Jr.*, for appellants.—1. The same strictness as to diligence in obtaining the testimony of witnesses generally is not required of a party in obtaining the evidence of a joint party to the suit. The law nowhere defines diligence. Hence diligence at all times is only that degree of caution and prudence which a reasonably prudent man might expect would secure the attendance of a witness.

2. A supplemental answer can not be amended, nor can it be used to present a cross-action. Dist. Ct. Rules, Nos. 8–12, 47 Texas, 617; Grabenheimer v. Blum, 63 Texas, 373; Pendleton v. Colville, 49 Texas, 525; Ins. Co. v. Camp, 64 Texas, 525; Ins. Co. v. Brantley, 3 Willson's C. C., sec. 64; Glasscock v. Hamilton, 62 Texas, 160; Halcomb v. Kelly, 57 Texas, 620.

*John Bowyer*, for appellee.—Affirmative relief can be sought in a supplemental answer; and a supplemental answer that is defective can be amended, and a new cause of action set up therein or new relief sought.

HEAD, ASSOCIATE JUSTICE.— Appellant brought this suit to enforce specific performance of the following instrument:

"JONES CITY, JONES COUNTY, TEXAS, December 15, 1881.

" Know all men by these presents, that I, W. McD. Bowyer, do hereby bind and obligate myself, my executors, heirs, and assigns, to make unto John D. Merchant a good and sufficient title to block number 1, block

number 6, block number 20, and block number 41, in the town of Jones City, county of Jones, State of Texas, as soon as I shall have acquired title to the same from the State of Texas; also a good and sufficient title to lots numbers 5 and 6, block number 16.

　　　　　[Signed]　　　　　　　　　　"W. McD. BOWYER,"

And properly acknowledged and recorded.

　　Appellant Jones claimed to have acquired a one-half interest in this instrument from appellant Merchant. Appellees answered by general and special demurrer, general denial, and plea of want of consideration. This answer was properly sworn to. Later, appellee filed a first supplemental answer, purporting to be in reply to a first amended petition filed by appellants. This supplemental answer contained a number of exceptions, a general denial, and specially denied under oath a partnership which it seems was charged by appellants to have existed between him and Merchant; also pleaded want of consideration for the instrument sued on, and asked, as affirmative relief, that this bond be cancelled and annulled. The part of this supplemental answer pleading want of consideration was not sworn to. Later several supplemental answers were filed, purporting to be in answer to amendments made by appellants to their pleading; and on the day the cause was called for trial, special exceptions were presented by appellants to the first supplemental answer above set forth, which were sustained, and on leave of the court it was amended so as to plead want of consideration as in the original, and verifying it by affidavit. This amendment was filed after appellants had taken a nonsuit, as herein after set forth.

　　When the case was called for trial, appellant Jones filed an application for a continuance, based upon two grounds, the first being for want of the testimony of his coplaintiff Merchant, who was alleged to be temporarily in the Indian Territory. The necessary allegations were made showing the materiality of his testimony; and, as diligence, alleged that he had been in attendance at previous terms of the court; that on the 1st day of August, 1890, interrogatories were filed to take his deposition, and on the — day of August, 1890, commission was issued and placed in the postoffice at Anson, directed to him at his postoffice in the Territory, properly stamped, etc., accompanied by a letter requesting him to go before an officer and answer. The second ground of the application was the absence of the witness Martin Duval. His testimony was stated to be material, and diligence was shown to obtain the same, but his evidence is not set forth in the application so as to enable the court to decide as to its materiality. The case had once before been continued by consent, and at the preceding term was continued on application of plaintiffs. On the overruling of this application by the court below, the plaintiffs were allowed to take a nonsuit, and the trial was had upon the amended sup-

plemental petition filed by appellee asking the cancellation of the bond. The trial resulted in a judgment for appellee, finding the bond to have been without consideration and cancelling the same, from which this appeal is prosecuted.

*Conclusions of Law.*—The court did not err in refusing to continue the case. It was, at least, a second application on the part of appellants. The application made by appellant Jones did not show sufficient diligence in endeavoring to obtain the evidence of his coappellant, Merchant. It is shown that Jones knew at least as early as the 1st day of August that Merchant was out of the county and would not probably be in attendance at the trial, and on that day he filed interrogatories to take his deposition. We are not advised, however, when the commission was issued. It may not have been issued until the day before the trial. It would seem that had reasonable diligence been exercised in procuring the issuance of the commission to take this deposition, even after the filing of the interrogatories, there would have been ample time for its return.

The application was wholly insufficient, in so far as it sought a continuance for the absence of the witness Duval, in failing to set forth his evidence, as required by the statute.

We find no error in the action of the court in permitting appellee to amend his first supplemental answer, as complained of in appellant's second assignment. It is true this amendment was allowed after plaintiff had taken a nonsuit, but the only defect in the original was the failure to swear to that part of it which set up a want of consideration for the bond. While appellants, after they took the nonsuit, were out of court in so far as the petition filed by them sought affirmative relief, they nevertheless still remained in court as defendants to the answer of appellee, in which he sought affirmative relief against them, and his pleading for this purpose was subject to amendment in the same manner as though he had been an original plaintiff. Appellants made no objection in the court below to this amendment on the ground that a supplemental pleading could not be amended, but objected only upon the ground that the matters sought to be litigated under this supplemental answer could only be presented in an original or amended answer. We are of opinion that a supplemental answer can be amended as other pleading; and we are also of opinion, that if appellants thought this pleading was being called by a wrong name, this objection should have been made in the court below, so that it could have been there properly christened.

Upon the trial in the court below, appellee, being a witness in his own favor, was asked by his counsel the following question: "Was there any consideration from John D. Merchant to you for the bond for title sued on in this case?" To which he answered, "None whatever." This was all

the evidence introduced by either party as to the consideration or want of consideration for the bond sued on. In their third assignment appellants complain, that "the court erred in rendering judgment for defendant on the unqualified conclusion of fact sworn to by the defendant alone." No objection was made in the trial court to this question or answer, nor was any further information as to the nature of the consideration, if any, for this bond sought by appellants on cross-examination. While we think this is rather a summary way of disposing of a written instrument seemingly of the importance of this one, we are not prepared to say that the court erred in holding the evidence sufficient.

Upon the whole case, we are of opinion that the judgment of the court below should be in all things affirmed, and it is so ordered.

*Affirmed.*

Delivered May 31, 1893.