[Civil No. 848.   Filed March 26, 1904.]

[76 Pac. 476.]

E. B. PERRIN, Defendant and Appellant, v. MALLORY COMMISSION COMPANY, Plaintiff and Appellee.

1. PLEADING AND PRACTICE — ANSWER — DEMURRER — PLEA IN BAR — AMENDMENT—REV. STATS. ARIZ. 1901, PARS. 1288, 1293, 1350, CONSTRUED.—Under paragraph 1350, *supra*, providing that the defendant in his answer may plead as many defenses as he may have, but such pleas must be separately stated in one answer, filed at the same time, and in the following order: "(5) Demurrer. (6) In bar of the right to sue," paragraph 1288, *supra*, providing that all pleadings or proceedings may, upon leave of court, be amended at any stage of the action, or they may be amended

before trial, without leave, upon serving the adverse party with a copy, and paragraph 1293, *supra,* providing that the court shall disregard any error or defect in the pleadings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected on account thereof,—a general demurrer is an answer which before trial may be amended, as a matter of right, by alleging matters in bar of an action.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

E. M. Doe, and Joseph H. Kibbey, for Appellant.

E. E. Ellinwood, for Appellee.

DAVIS, J.—On the nineteenth day of March, 1903, the Mallory Commission Company brought an action in the district court of Coconino County against E. B. Perrin to recover upon a promissory note alleged to have been executed by the defendant to the plaintiff company. For his answer to the complaint, the defendant on April 15, 1903, filed a general demurrer only. This was the state of the pleadings when the ensuing term of the district court opened, September 21, 1903. On the second day of the term, and before the trial of said cause, the defendant served upon the plaintiff, and filed with the clerk, an amended answer alleging matters of defense in bar of the said action. Thereupon the plaintiff moved to strike this amended answer from the files because it set up for the first time matters in bar which were not pleaded and filed with the answer of April 15, 1903, and the plaintiff also asked for a judgment on the pleadings. The record shows that on September 25, 1903, the court overruled the demurrer to the complaint and granted the motion of the plaintiff. Judgment was rendered upon the pleadings in favor of the plaintiff, from which the defendant now appeals.

It is assigned that the court erred in striking the amended answer from the files, and in rendering judgment in the plaintiff's favor upon the pleadings. The case, we think, presents but one question: Was the amended answer such an amendment as the defendant could file as a matter of right? No

point was made against its sufficiency in allegations to state a defense to the action, but the ruling of the court was invoked and based solely upon the ground that the answer which contained the defense was not filed in the time and manner required by law. This necessarily leads to a consideration of several provisions of our statutes relating to pleadings and amendments which would seem to bear more or less directly upon the question which is here involved. Paragraph 1350 of the Revised Statutes of 1901 provides:—

"The defendant in his answer may plead as many defenses as he may have; but such pleas must be separately stated in one answer, filed at the same time and in the following order: (1) Denying the jurisdiction of the court. (2) In abatement of the suit. (3) To strike from the complaint irrelevant, redundant or uncertain matter. (4) To make the complaint definite and certain. (5) Demurrer. (6) In bar of the right to sue. (7) Denying the facts constituting the cause of action. (8) Set-off and counterclaim."

Paragraph 1288 provides:—

"All pleadings or proceedings may upon leave of the court be amended at any stage of the action within such time as the court may prescribe, or they may be amended before trial without such leave upon serving the adverse party with a copy of such amended pleading or proceedings."

Again it is provided in paragraph 1293 that "the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The only pleading of the defendant under our code is an answer. According to the system of pleading in general prevalence, a demurrer is not an answer, but rather a reason for not answering. In Arizona and Texas, however, a demurrer is treated as a defense, and is required to be pleaded in the answer. The provision of the Texas Code is as follows (Rev. Stats. 1895, art. 1262): "The defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time, and in due order of pleading." In Texas the courts have by construction determined what is "due

order of pleading,'' and this has been done by recourse to the order of pleading by the defendant at common law. Our statute prescribes the order in which the defenses shall be stated. In Texas (Rev. Stats. 1895, art. 1188) ''the pleadings may be amended under leave of the court, upon such terms as the court may prescribe, before the parties announce themselves ready for trial, and not thereafter.'' The courts of Texas do not hold that the failure to plead all defensive matters in the original answer precludes the subsequent pleading of an omitted defense, nor that the omission to plead said matters in their due order cannot be remedied by amendment. On the contrary, the provision with respect to amendments is construed with great liberality, and is made applicable alike to the pleadings of both plaintiff and defendant. It is the established practice there to permit the plaintiff to amend, within the period prescribed, by entirely changing his cause of action, and the defendant by setting up a new defense. *Williams* v. *Randon,* 10 Tex. 74; *Smith* v. *McGaughey,* 13 Tex. 464; *Hopkins* v. *Wright,* 17 Tex. 30; *Irvine* v. *Bastrop,* 32 Tex. 485; Rules, 47 Tex. 619; *Lewis* v. *Alexander,* 51 Tex. 578; *McLane* v. *Paschal,* 62 Tex. 102; *Wiebusch* v. *Taylor,* 64 Tex. 53; *Woods* v. *Huffman,* 64 Tex. 98; *Merchant* v. *Bowyer,* 3 Tex. Civ. App. 367, 22 S. W. 763; *Gulf etc. Ry. Co.* v. *Butler* (Tex. Civ. App.) 34 S. W. 756. Statutes of amendment are remedial in character, and are to be construed and applied liberally in favor of the privilege of amending. Upon this proposition there will be found no dissenting authorities. Courts have also expressly declared that greater liberality will be exercised in allowing a defendant to amend his answer than in permitting the plaintiff to amend his complaint. *Thorn* v. *Smith,* 71 Wis. 24, 36 N. W. 707; *Cayce* v. *Ragsdale,* 17 Mo. 32; *Garrison* v. *Goodale,* 23 Or. 307, 31 Pac. 709; *Young* v. *Gay,* 41 La. Ann. 758, 6 South. 608. A very good reason for the existence of this rule is that the plaintiff may take a nonsuit and commence another action, whereas the defendant, if denied the privilege of amending, might be without remedy. Our own statute relating to amendments is so liberal that it would be difficult to extend it by construction, and we are not at liberty to place upon it limitations which the legislature has not seen fit to prescribe. It is not declared that the pleadings of the plaintiff alone

may be amended, nor yet that the amendment shall be only of the cause of action or the defense already stated, but the broad language of paragraph 1288 is that "all pleadings or proceedings may . . . be amended." And this may be done "upon leave of the court . . . at any stage of the action," or "before trial without such leave upon serving the adverse party with a copy of such amended pleading or proceedings." We think the statute plainly contemplates that any amendment which, during the progress of the action, the court would have power to permit in furtherance of justice, may before trial be made by the party, as a matter of right, upon the service thereof as prescribed. It would also seem clear that if, as held in Texas, a new cause of action or defense may properly be introduced by amendment "under leave of the court . . . before the parties announce themselves ready for trial," there would be at least equal warrant for the same practice under a statute which permits amendments to be made "before trial without such leave." The code provisions of the various states relating to amendments are far from uniform. There will, however, generally be found in them some limitation the effect of which operates to prevent any substantial change of the claim or defense. No such limitation is expressed in our statute, and we feel compelled, therefore, to give it the broad interpretation which its plain terms seem to require. As we have previously observed, the only pleading of the defendant under our code is an answer. If the answer consists of but a demurrer, it is nevertheless an answer and a pleading. While the requirement is that the answer must contain all of the defenses, and in a certain order, it does not follow that, if there has been an omission in this respect, it cannot be remedied by amendment. To deny the power of the court to permit of such an amendment would in many cases be equivalent to a denial of justice. To admit it is also to admit the right of the defendant to make the same amendment "before trial without such leave." But the latter is unquestionably the true intent and meaning of the law as it stands. The legislature had the right to make our system of pleading as illogical and unscientific as it chose. If it be found, in practice, to operate unfavorably to the orderly and speedy administration of justice, relief must be sought at the fountain.

The defendant had the right, under the statute, at any time before trial, to amend his pleading by setting up the new defense, and the court erred in striking the amended answer from the files and refusing to consider it. For this error, the judgment must be reversed, and the cause remanded to the district court for a new trial.

Kent, C. J., and Doan, J., concur.