## STALLINGS et al. v. WILLIAMS.    (No. 740.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 12, 1921.)

1. **Courts**  ⊕⇒169(4)—**County court held not to have jurisdiction where interest was asked by supplemental pleading.**

In an action to recover $1,000, represented by a check deposited in a bank on a wager, the county court lost jurisdiction where supplemental petition asked judgment for $1,000 and interest thereon from time such check was paid to the third person, if paid at all, the interest there prayed for not being interest eo nomine, but recoverable only as damages, since matter set up in a supplemental petition cannot be disregarded, though the proper office of such a petition is only to reply to the matters of defense contained in the answer.

2. **Pleading**  ⊕⇒412—**Objection to demand for interest in supplemental petition, held waived.**

In action to recover a sum represented by a check deposited in a bank on a wager, objection to a supplemental petition after answer, praying for interest on such money, was waived in absence of motion or exception.

Appeal from Nacogdoches County Court: J. M. Marshall, Judge.

Suit by J. L. Williams against J. W. Stallings and others. Judgment for plaintiff, and defendants appeal. Reversed and dismissed.

S. M. Adams, of Nacogdoches, for appellants.

S. W. Blount and V. E. Middlebrook, both of Nacogdoches, for appellee.

WALKER, J. This suit was brought by J. L. Williams, as plaintiff, against J. L. Stallings and the First State Bank of Garrison, as defendants. Plaintiff's original petition was as follows:

"Your petitioner, J. L. Williams, who resides in Nacogdoches county, Tex., complaining of J. L. Stallings and the First State Bank. a corporation whose place of business is Garrison, Tex., hereinafter styled defendants, both of whom reside in Nacogdoches county, Tex.. most respectfully represents to the court that the plaintiff had on deposit with said bank to his credit and subject to his check, on the 24th day of August, 1918, a sum of money in excess of $1,000; that upon that day this plaintiff executed and delivered to J. W. Stallings, cashier of said bank, his check for the sum of $1,000, drawn on said bank in favor of one Rudolph Prince, and delivered to said Stallings as cashier aforesaid, to be held by said Stallings as cashier aforesaid, and not to be delivered or paid to said Rudolph Prince, unless in the contest there pending for the Democratic nomination for county judge of Nacogdoches county, on that day held in Nacogdoches county, the candidate J. F. Perriette was defeated and the candidate J. M. Marshall was nominated; and that at same time said Rudolph Prince executed and delivered to said cashier of said bank his check on said bank for $1,000 payable to this plaintiff, to be held by said bank and paid only on the event of the defeat of said Perriette and the nomination of said Marshall in said primary so held.

"Plaintiff says at the time he placed said check in the hands of said bank's cashier it was known by himself and by said Prince and by said cashier as the cashier and officer of said bank that said checks were a wager on the result of the contest for the nomination for county judge in said Democratic primary, on that day being held in Nacogdoches county, but this plaintiff was not cognizant of the fact that such wager was illegal and denounced by the statutes.

"That the plaintiff has since been informed, and believes it to be true, that such wager was a violation of law and against public policy, and, being so informed, he is anxious to observe the law, and has sought to cancel said wager and entirely nullify the same, and has forbidden the bank to pay the $1,000 called for by his said check so given and held by the said bank through its cashier.

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"That plaintiff has the rights to control the payment of said check, but that said bank, disregarding plaintiff's rights, is insisting on paying said check to said Prince.

"Wherefore, plaintiff sues and prays judgment of the court restraining said bank from paying said check and from charging same against the account of plaintiff, or if said bank has paid said check since having been notified by this plaintiff not to pay same, for the sum of $1,000.

"Plaintiff further prays that in the event the said bank has paid said checks to said J. W. Stallings and the proceeds of same are held by him individually and under such conditions as to render said bank under the law not liable to this plaintiff, then in such event, plaintiff prays judgment against said J. W. Stallings for the sum of $1,000, and that he be restrained, after service on him of citation herein, from paying said $1,000, the proceeds of said check, to said Rudolph Prince, or any one else but this plaintiff, and that he be commanded by the judgment of this court to pay said $1,000 to this plaintiff; and plaintiff prays for such other and further relief as he may be entitled to in law or equity."

On the 19th day of January, A. D. 1920, appellee filed the following first supplemental petition:

"Now comes the plaintiff herein, and, filing this, his first supplemental petition, in answer to the first amended original answer of the First State Bank, one of the defendants herein, says: 'That he denies the allegations of fact set up in paragraph 5 of said amended answer, and says that the same are not true, and that the said $1,000 check referred to was not paid by the said bank to the said Prince, or to any one else, at the time alleged in said answer or before the filing of this suit, or at any other time, and that the alleged payment, if made by the said bank at any time, was made by said bank after due notice was given said bank that the plaintiff herein was not bound by said check, and after said bank was notified not to pay the same, and the said bank, being at the time and from the date of said check fully cognizant of the fact that the same was given in an illegal transaction, and not binding upon this plaintiff.

"Plaintiff further says that if said bank at the time alleged in said answer, or at any other time, paid said check out of the funds of this plaintiff on deposit with it, that it is, nevertheless, liable to this plaintiff for said amount, and in addition to the relief prayed for in plaintiff's original petition he prays in any event of payment of said check by said bank a judgment against said bank and J. W. Stallings for the sum of $1,000, with interest thereon from the date of such payment, if made, at the rate of 6 per cent. per annum.

"And plaintiff further charges that if such payment was made by said bank at any time, it was made in fraud and collusion with the said Rudolph Prince and other parties having an interest with him in said wager, and plaintiff prays judgment, as hereinbefore set out."

The case was tried in the county court of Nacogdoches county on the 17th day of January, 1921. Judgment was rendered in favor of the bank and against Stallings for the sum of $1,000, with interest from the date of the judgment, at the rate of 6 per cent. per annum.

[1, 2] Appellant urges the proposition that the county court was without jurisdiction to try this case, for the reason that the amount in controversy exceeded the jurisdiction of the county court. As originally pleaded it is seen from plaintiff's petition that he limited his recovery to $1,000, but by his supplemental petition he prays for the $1,000 and for the additional relief of 6 per cent. interest from date of the payment to Prince by Stallings of the wager. We believe the effect of this supplemental petition was to deprive the county court of jurisdiction to try the case. The interest prayed for was not interest eo nomine, but could be recovered by him only as damages. Merchants v. Bank, 192 S. W. 1098. Appellee urges the proposition that as the prayer for interest was made only in his supplemental petition, and not in his original pleadings, it did not have the effect of enlarging his demand. To quote from his proposition:

"The only office of a supplemental petition is to reply to the matters of defense contained in the answer, and any pleading of matters not within the scope of such supplemental petition cannot possibly change the plaintiff's suit, but should be treated as improperly filed and surplusage."

Appellee correctly states the office of a supplemental petition, but when the supplemental petition is filed, it cannot be disregarded, and new matters stated therein must be adjudicated, unless by motion or exception the matter is called to the attention of the court and such plea stricken out. If this is not done, the informality of the plea must be considered as waived, and the matters put in issue by the plea must be disposed of. This question was directly before the Supreme Court in Lemp v. Armengol, 86 Tex. 690, 26 S. W. 941. Speaking for the court, Judge Gaines said:

"If the petition was subject to exception, either general or special, for lack of an averment of notice to the guarantors, of Krempkau's default, the defect was supplied by the allegations in the supplemental petition. These allegations would properly have appeared in an amended petition, but, having been pleaded, they cannot be disregarded. The paper denominated a 'Supplemental Petition' was not properly such, under the rules; and, upon a motion having been filed for that purpose, it should have been stricken out."

See, also, Johnson v. White, 27 S. W. 174; Merchant v. Bowyer, 22 S. W. 763. We rather think that it was not improper to make this prayer for the interest a part of the supplemental petition, as this was only

a prayer for additional relief on the facts fully pleaded in plaintiff's petition. Enc. of Proc. vol. 24, p. 533.

As the county court of Nacogdoches county was without jurisdiction to try this case, this cause is reversed, and ordered dismissed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes