[Civil No. 2002.   Filed December 30, 1922.]

[211 Pac. 564.]

SENATE SILVER MINING COMPANY, a Corporation, Appellant, v. HACKBERRY CONSOLIDATED MINING COMPANY, a Corporation, HACKBERRY CONSOLIDATED SILVER MINES COMPANY, a Corporation, G. S. HOLMES, JAMES A. MURRAY, MARY H. MURRAY, A. G. KEATING, JOHN DOE ROSENBERG, JOHN DOE ROSENBERG & COMPANY, a Corporation, RICHARD ROE and JOHN ROE, Defendants-Appellees, and W. M. NEAGLE, Plaintiff-Appellee.

PLEADING—REFUSAL TO ALLOW AMENDMENT TO ANSWER SETTING UP CROSS-BILL HELD ABUSE OF DISCRETION.—In combined actions between two mining companies for specific performance of contracts to consolidate their holdings, and by a third party to set aside as fraudulent the consolidation contract, where a recess was ordered by the court to secure a resolution of the board of directors of plaintiff corporation to determine which of counsel represented it, and during such recess defendant filed and served upon opposing counsel an amended answer setting up a cross-bill, the court's refusal to allow it, under Civil Code of 1913, paragraph 422, providing that pleadings may upon leave of court be amended at any stage of the action within such time as the court may prescribe, or before trial without leave of court, was an abuse of discretion.

APPEAL from an order of the Superior Court of the County of Mohave. E. Elmo Bollinger, Judge. Reversed and remanded.

Mr. Chas. L. Lewis, for Appellant.

Mr. C. W. Herndon, Mr. L. L. Wallace and Mr. H. L. Dunnigan, for Appellees.

GIBBONS, Superior Judge.—This action arose out of the following statement of facts: The Hackberry

Consolidated Mining Company and the Senate Silver Mines Company entered into a contract with the Hackberry Consolidated Silver Mines Company whereby it was agreed that the first two named companies would consolidate their holdings consisting of adjoining mining properties, situated at Hackberry, Arizona, and cause the same to be owned by the Hackberry Consolidated Silver Mines Company, a new corporation organized for that purpose. Growing out of this agreement three actions were filed in the superior court of Mohave county as follows: First, one by the Senate Silver Mining Company to enforce specific performance of said contract to consolidate; second, one by Hackberry Consolidated Silver Mines Company for the same purpose; and third, one by William M. Neagle against the Hackberry Consolidated Mining Company and Hackberry Consolidated Silver Mines Company and the Senate Silver Mining Company, G. S. Holmes et al., to set aside as fraudulent said consolidation contract. The later action was known as the "Conspiracy Case."

By stipulation the three actions were to be tried together on May 4, 1921. The two actions for specific performance were dismissed by the respective plaintiffs, leaving the "Conspiracy Case" for trial. At the opening of court a dispute then arose as to which attorneys represented the Hackberry Consolidated Silver Mining Company. At the time the cause was called for trial the record showed that defendant Hackberry Consolidated Silver Mining Company was represented by C. C. Spicer, C. E. McDowell and E. E. Armour. All parties being ready for trial Mr. Dunnigan, attorney for Hackberry Consolidated Mines Company, made the announcement that he understood that the Hackberry Consolidated Silver Mines Company and the Hackberry Consolidated Mining Company were agreeable to judgment as

prayed for, and suggested that if there was any contention about it, a meeting of the board of directors of the company might be called.   This raised a conflict as to who represented the Hackberry Consolidated Silver Mines Company.   After some discussions by the attorneys the court expressed the desire that the board of directors hold a meeting, and adjourned court for recess.   At 2 o'clock when court reconvened, the following proceedings took place: A resolution, passed by three of the directors during the recess, was introduced in evidence, which resolution in effect stated that the attorneys, C. E. McDowell, C. C. Spencer and E. E. Armour, did not then have nor had had authority to represent the said corporation in any litigation then pending in said court.   Said resolution further renounced any implied or assumed authority of said attorneys to represent said corporation in any litigation then pending in said court, and further said resolution declared that H. L. Dunnigan—

"be and he is hereby authorized to represent this corporation in connection with the litigation above referred to and to stipulate or consent to a judgment confirming or rescinding such contracts."

This resolution was signed by G. S. Holmes, C. W. Herndon and M. L. Loomis, designated as constituting a board of directors of the Hackberry Consolidated Silver Mines Company.

During the recess the defendant Senate Silver Mining Company filed and served upon opposing counsel an amended answer, setting up a cross-bill and insisting that the amendment should stand upon two grounds: First, that under the statute the defendant had the right to amend at any time before trial; and, second, that under the circumstances then arising, the court should permit the amendment and allow the case to go to trial on the merits.

The amendment was not allowed, and judgment for plaintiff William M. Neagle was granted on stipulation of Mr. Wallace, attorney for the plaintiffs, and Messrs. Herndon and Dunnigan, attorneys for defendant Hackberry Consolidated Mining Company, who were by the order of the court accepted as the attorneys for defendant Hackberry Consolidated Silver Mines Company, and an order was made and judgment on the issues pleaded was granted on stipulation of attorneys in open court in favor of the plaintiff Neagle and against Hackberry Consolidated Mining Company and the Hackberry Consolidated Silver Mines Company; and the action was dismissed by the plaintiff, as to the Senate Silver Mining Company and all the other defendants. From the order and judgment the Senate Silver Mining Company appealed, citing the following grounds of error: First, the trial court erred in holding that the trial of the case had begun prior to the time the amended answer was filed and served, and held that at such time the Senate Mining Company did not have the right, by virtue of the statutes, to amend its answer; second, the trial court erred in refusing, under the circumstances appearing at the time of the adjournment for recess, the application of the Senate Silver Mining Company to file and to serve an amended answer and go to trial on the merits.

The first assignment of error is based on the question whether or not the trial of the case had begun, as such question affected defendant's right to file an amended answer. The statute covering the amendments of pleadings is section 422, Revised Statutes of 1913, which reads:

"All pleadings or proceedings may upon leave of the court be amended at any stage of the action within such time as the court may prescribe, or they may be amended before trial without such leave

upon serving the adverse party with a copy of such amended pleading or proceedings."

It appears from the record that at the time the court was called at 10 o'clock on May 21st, a dispute immediately arose as to who represented the respective parties as counsel. The time of the court was taken up during the forenoon session in listening to arguments of counsel *pro* and *con.* Finally, the court, in order to settle the question as to who did properly represent the company, made the following statement:

"I would like the board of directors to have a meeting and will pass on this question at 1:30 o'clock. The court will stand at recess."

We are of the opinion from the foregoing that the trial had not begun. But while holding this view the decision in this case is not based on that fact but rests on the belief that the court abused its discretion in refusing to allow defendant Senate Silver Mining Company to file an amended answer under the circumstances.

It is strongly urged by appellant Senate Silver Mining Company that the trial court abused its discretion in refusing to permit the filing of an amended answer under the circumstances. The complaint charged a conspiracy and fraud on the part of defendants to absorb for themselves the assets of the Hackberry Consolidated Mining Company, and that the new company, Hackberry Consolidated Silver Mines Company, was formed for the purpose of accomplishing such fraudulent design. The original answer of the Senate Silver Mining Company merely put all of these charges in issue without asking affirmative relief. The new Hackberry Consolidated Silver Mines Company had also answered to the same effect.

It ·is evident from the record that during the time intervening between the closing of court before noon and its reopening at 1:30, an agreement had been reached between plaintiff W. M. Neagle and defendants Hackberry Consolidated Mining Company and Hackberry Consolidated Silver Mines Company, which agreement amounted to the practical elimination of the Senate Silver Mining Company, appellant herein, by the confession of judgment in favor of plaintiff and the dismissal of the action against all other defendants, including appellant.

It is evident appellant was taken completely by surprise by the turn events had taken after the dismissal of its suit for specific performance that morning. It is further evident that it had relied upon a trial on the merits as defendant in the suit now here on appeal. No doubt counsel for appellant made a grave mistake in dismissing his suit for specific performance and relying on an answer in another suit. But if counsel made a mistake it would seem that their clients should not be made to suffer therefor.

The record shows that there is no evidence of bad faith on counsel's part. It was simply a case of mistaken judgment and relying on a future course of events that turned out to be radically different from what was anticipated.

It is the opinion of the court that this was a proper case for the exercise of the discretion of the trial court by permitting the filing of the amended answer and cross-bill and thus compelling a trial on the merits. If not, appellant, who strenuously maintains that he has a good and valid cause of action, is denied his day in court through an inadvertence. The law favors a complete and fair trial on the merits, and to that end is liberal in the allowance of amendments.

The general rule is well stated in 21 R. C. L. 572:

"It is a general rule that amendments to pleadings are favored and shall be liberally allowed in furtherance of justice. The exercise of the power to permit amendments rests in the sound discretion of the trial court; and, as a rule, this discretion will not be disturbed on appeal except in case of an evident abuse thereof, or unless the appellant shows affirmatively that he was prejudiced by the ruling. It is the usual practice of the courts to allow rather than to refuse amendment."

Furthermore, in speaking of the liberality of construction to be placed on the statute governing amendments to pleadings, this court has laid down the doctrine in no uncertain terms in the case of *Perrin* v. *Mallory Commission Co.,* 8 Ariz. 404, 76 Pac. 476:

"A very good reason for the existence of this rule is that the plaintiff may take a nonsuit and commence another action, whereas the defendant, if denied the privilege of amending, might be without remedy. Our own statute relating to amendments is so liberal that it would be difficult to extend it by construction, and we are not at liberty to place upon it limitations which the legislature has not seen fit to prescribe."

From the foregoing we are of the opinion that the able trial judge erred in refusing to permit appellant to file an amended answer. The order refusing permission to file the amended answer and dismissing the action as to appellant is therefore reversed and the cause remanded, with directions to permit appellant to file an amended answer.

McALISTER, Acting C. J., and FLANIGAN, J., concur.