## GARRISON & WESTFALL v. PAINE.
### (No. 862.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 17, 1923. Rehearing Denied· March 7, 1923.)

1. Garnishment ⚖➡146—Amended answer filed without substituting lost original answer cannot be disregarded.

Where an amended answer by garnishee was filed at a time when the original answer was lost, without substituting the original answer in the manner required by Rev. St. arts. 2157–2163, it was not thereby rendered a nullity, and, unless stricken from the record, was entitled to consideration.

2. Garnishment ⚖➡178—Evidence by consent as to contents of lost answer precludes judgment by default.

Where a lost answer of garnishees was not substituted in the manner required by Rev. St. arts. 2157–2163, but the trial court, with consent of both parties, was advised by the evidence as to the contents of the original answer, it was improper to render judgment against the garnishees as by default.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by D. E. Paine against Benton Stack, in which a writ of garnishment was sued out against Garrison & Westfall. From a judgment against the garnishees as on default, the garnishees appeal. Reversed and remanded.

S. M. Adams, of Nacogdoches, for appellants.

Russell & Seale, of Nacogdoches, for appellee.

WALKER, J. On the 9th day of September, 1921, appellee instituted this suit against one Benton Stack upon a promissory note, and sued out a writ of garnishment against appellants. Stack made no answer, and judgment by default was entered against him in favor of appellee for the relief prayed for. When the case was tried, appellants' original answer in garnishment was not found among the papers of the case, but evidence was received by the court, without objection from appellee, as to its filing and contents. An amended answer was filed on the day the case was tried, in which appellants denied that they owed Stack any sum of money whatever, and negativing all facts on which they could

be held liable as garnishees. This answer was not controverted by appellee, nor was it excepted to on any ground, nor was any motion filed by him to strike it out, nor to require appellants to substitute their original answer, but the trial court, on conclusion of the trial, on his own motion, without striking it from the record, refused to consider the amended answer for any purpose, and rendered judgment against appellants as on default, on the ground that they had declined to substitute their original answer.

[1] This was error. The filing of the amended answer at a time when the original answer was lost from among the papers of the case, without substituting the original answer in the manner required by statute (Rev. St. arts. 2157–2163), did not render it a nullity. Unless stricken from the record it was entitled to consideration. Stallings v. Williams (Tex. Civ. App.) 235 S. W. 636.

[2] Again, the trial court, with consent of both parties—for by not objecting to the testimony appellee must be held to have consented to its reception—was fully advised as to the contents of the original answer. Our Supreme Court, citing article 1475, now article 2157, in Houston v. Blythe, 60 Tex. 506, said:

"We are of the opinion that these statutory provisions are cumulative in their character."

The other questions presented on this appeal will not occur on another trial.

Reversed and remanded.