[Civil No. 3360.   Filed April 2, 1934.]

[31 Pac. (2d) 102.]

STATE OF ARIZONA ex rel. ARTHUR T. LA PRADE, Attorney General, Appellant, v. A. T. SMITH, Appellee.

For former opinion, see *ante,* p. 131, 29 Pac. (2d) 718.

Mr. Arthur T. La Prade, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. James Forest, Special Counsel, for Appellant.

Mr. Thomas J. Croaff, for Appellee.

ROSS, C. J.—Defendant, Smith, has filed a motion questioning the correctness of our order directing the trial court to issue an injunction permanently enjoining him from the practice of medicine and surgery without a license, and asserting that proper order would be a direction to the trial court to overrule the demurrer and permit defendant to answer if he so elects and in default thereof to issue the injunction.

Upon reflection and after an examination of our decisions on the right to amend an answer, we have come to the conclusion that defendant is right in his contentions. In *Perrin* v. *Mallory Commission Co.*, 8 Ariz. 404, 76 Pac. 476, 478, we held that a defendant who had filed a general demurrer, under the statute concerning amendments of pleadings, "had the right . . . at any time before trial, to amend his pleading by setting up the new defense." This rule has not been changed or modified, but on the contrary has been uniformly followed ever since. *Timmons* v. *Wright*, 22 Ariz. 135, 195 Pac. 100; *Senate Silver Min. Co.* v. *Hackberry Consol. Min. Co.*, 24 Ariz. 481, 211 Pac. 564.

If defendant's demurrer had been overruled by the trial court, under the law he would have had the absolute right to file an amended answer. His demurrer having been sustained, there was no occasion to amend. The necessity to amend his answer arose only after the decision of this court holding that the complaint stated a cause of action and that for that reason the demurrer should have been overruled.

The right to amend the answer "at any time before trial" being preserved by the law, we think defendant's contention is correct, and the order to the superior court is accordingly modified to conform therewith.

In view of the situation thus created, we make the following observations: If the allegations of the complaint as to defendant's qualifications are put in issue by an amended answer, and the evidence shows that he is learned and informed in medicine and qualified to practice it in its different branches, the state will fail under this decision to make out a case for injunction.

We therefore remind the authorities of Yuma county that the superior court has original jurisdiction of misdemeanors (section 3690, Rev. Code Ariz. 1928), and that the issue in a prosecution for the violation of section 2560 of the Revised Code of Arizona of 1928 is, Has the defendant practiced medicine and surgery in Yuma county without a license? It would seem that in a court of record where the evidence will be confined to *the* issue, and the jury properly instructed as to the law, a criminal prosecution would or might be adequate.

LOCKWOOD and McALISTER, JJ., concur.