REGINO CABASSA, Petitioner and Appellant, v. LUIS RAMÓN RIVERA, Defendant and Appellee.

No. 10181. Argued November 14, 1950.—Decided January 31, 1951.

---

[10] Pursuant to § 14 of Act No. 10 of November 14, 1917, (Spec. Sess. Laws, p. 216) costs shall not accrue in this class of suits.

*Amador Ramírez Silva* for appellant. *José Sabater* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

After this Court affirmed the judgment rendered by the District Court of Mayagüez granting the petition for preliminary injunction *pendente lite* in this case—*Cabassa* v. *Rivera*, 68 P.R.R. 654—the case was heard on its merits and then said court rendered judgment denying the petition for perpetual injunction and annulling the preliminary injunction decreed, with costs, but without including attorney's fees. The plaintiff was not satisfied and appealed, alleging as the only error, that the trial court erred in deciding that the appellant lacks a cause of action against the appellee.[1]

---

[1] The facts alleged by the parties were stated in our opinion in *Cabassa* v. *Rivera*, 68 P.R.R. 654, and we do not find it necessary to repeat them here.

■ The way of assigning the error and even of discussing it gives the impression that the court *a quo* limited itself to disposing of the case on the ground that the petition did not state facts sufficient to constitute a cause of action. This is not so. A trial was held in the lower court in which the parties introduced oral and documentary evidence and in the judgment the court stated that "as a result of the admissions of both parties in the allegations and at the trial, and from the evidence introduced by· both in view of the statute and the case law applicable herein and because of the grounds stated in its opinion and attached to the record, it believes and concludes that the law and the facts are against plaintiff Regino Cabassa and in favor of defendant Luis Ramón Rivera . . ." The fact that the court stated in its opinion that as a result of its weighing of the evidence and the applicable law, the plaintiff does not have a cause of action to obtain the suppression of the pump installed by defendant sought in this injunction should not be isolated from the contents of the whole paragraph which reads:

" . . . We are only deciding that said installation of the defendant is not a public nuisance *per se* nor a public nuisance *per accidens;* that were it a public nuisance the action for its suppression would concern the government and not a private citizen; likewise, that said installation does not constitute a private nuisance to the plaintiff; that it does not violate any right of the plaintiff; and that said plaintiff lacks a cause of action to obtain the suppression of said installation by way of this injunction. It is incumbent on the municipal authorities to enforce the said violated ordinance."

■■ Appellant urges, in addition, that after the decision of the lower court granting the preliminary injunction was affirmed by this Court the case was practically decided and that said court erred in not granting the perpetual injunction sought. We do not agree. The granting or denial of a preliminary injunction does not necessarily affect the granting or denial of the perpetual injunction—*Municipal-*

*ity of Gurabo* v. *Juncos Central Co.,* 18 P.R.R. 398; *Morfi* v. *Fajardo Development Co.,* 17 P.R.R. 766—since its purpose is to preserve the *status quo* until the case is decided on its merits. Cases cited in note 19, p. 205 of 28 Am. Jur., § 12. The previous appeal in this case only dealt with the questions of law raised by defendant and the appeal was confined to their discussion and determination.

 It appears from the record that on April 25, 1949, that is, almost a year after our decision in *Cabassa* v. *Rivera, supra,* the Board of Administration of the Municipality of Mayagüez again granted a permit to the defendant for the reinstallation of the gasoline pump involved herein.[2]

For this reason the defendant requested the dismissal of the case. At the hearing the court admitted evidence on this point and took the question under advisement until it decided the case on its merits. It did so, saying that although it could and should consider the facts existing on the day of the hearing of the injunction, even though they were different from those existing on the day of filing the complaint, nevertheless, it agreed with the plaintiff that said permit of April 28, 1949 lacked any force or validity since it authorized the installation of a gasoline pump in violation of Section eleven of the Municipal ordinance and that defendant accepted the ninth averment of the complaint where it is alleged that his pump was installed within the distance forbidden by said Section. Nothwithstanding the fact that it discarded the new permit granted to defendant, the lower court, after considering the allegations and the evidence denied the injunction sought by the plaintiff for the following reasons: (1) because the gasoline pump of the defendant does not constitute a public nuisance *per se,* nor of fact or *per accidens;* (2) likewise, because it does not constitute a private nuisance; and (3) because even though the gasoline pump had been installed in violation of the

---

[2] It granted the plaintiff another permit for the installation of an additional pump in the same place where he had already installed one.

ordinance, said installation does not become a public nuisance which may be suppressed by injunction, at the request of the plaintiff, since the same ordinance establishes the penalties for its violation.

According to § 329 of the Penal Code and § 277 of the Code of Civil Procedure [3] the lower court decided correctly, in our opinion, that in this jurisdiction there is no other kind of nuisances either public or private except those defined in said Section. *People* v. *Escambrón Beach Club*, 63 P.R.R. 731. We have decided that the installation of a gasoline station or gasoline pump is not a public nuisance *per se* —*People* v. *González*, 35 P.R.R. 619—and this is the general prevailing rule. Annotations in 35 A.L.R. 95; 51 A.L.R. 1224 and 124 A.L.R. 383. It has also been decided that said installation may be a nuisance in fact or *per accidens* on account of its location and surroundings and the improper manner in which same may be conducted. *Weaver* v. *Bishop*, 52 P. 2d 853 (Okla., 1935).

But even accepting without deciding that the gasoline pump of the defendant constituted a public nuisance its abatement by way of injunction would not concern the plaintiff, a private citizen, but the People of Puerto Rico or the Municipality of Mayagüez—§ 686 of the Code of Civil Procedure (§ 12 of the Injunction Act); *Estela* v.

---

[3] Section 329 of the Penal Code in its pertinent part provides:

"That anything which is injurious to health, or is indecent or offensive to the senses, or is an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal or basin, or any public park, square, street or highway is a public nuisance . . ."

And § 277 of the Code of Civil Procedure provides as follows:

"Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as so interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

*Mario Mercado e Hijos*, 44 P.R.R. 542; *People* v. *Escambrón Beach Club*, *supra*—unless specific damages were caused to the plaintiff, in which event the case would fall within the purview of § 277 of the Code of Civil Procedure, *supra*. The difficulty of appellant lies in the fact that the court *a quo* decided that he had not proved that the installation of the gasoline pump of the defendant had caused or could cause him said damages. Nor did it err in so deciding, inasmuch as his evidence was so deficient, unsubstantial and speculative that the remedy sought was not adequate in view of such evidence. Annotations in 81 A.L.R. 292 and 92 A.L.R. 173. The only proof shown in the record on this point is the testimony of the appellant on page 58 of the transcript of the evidence:

"The installation of the pump, if it were put in operation, would it cause you damage?

"Of course, because it is very close to the business establishment.

"What damage would it cause you?

"It might bring competition. It might affect me in the sense that if I do not render good service . . .

"That would be your concern, if you do not render good service.

"It can affect my business in general.

"Could it establish competition?

"Yes, sir.

"Would that cause you damages?

"Of course it would."

On the other hand the evidence proved that notwithstanding the Municipal Ordinance, the Board of Administration of the Municipality of Mayagüez had granted permits to different persons and entities to install or reinstall gasoline pumps on different streets in Mayagüez without complying with the requisites of said ordinance. The repeated violation of its own ordinance by the municipal government could or could not be a defense in an action brought by the municipality in order to abate the public nuisance

of having a pump in violation of its ordinance but it cannot be a reason for granting the appellant a remedy in equity that the law does not grant him.

The judgment will be affirmed.

