## STANFORD *v.* SCANNELL.

The case of Stewart *v.* Scannell, (8 Cal. R., 80,) affirmed.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This was an action to recover the possession of fifty-eight barrels of butter, and damages for the detention of the same.

In August, 1856, plaintiff bought of Lowe, Ebbetts & Co., of San Francisco, fifty-eight barrels of butter, worth the sum of seventeen hundred dollars. At the time of the purchase, the butter was in the cellar of the warehouse of Lowe, Ebbetts & Co., who were merchants, doing a jobbing and commission business in the city of San Francisco, and who were sometimes in the habit of receiving goods on storage. The plaintiff paid Lowe, Ebbetts & Co. the full value of the butter, and took from them a store-house receipt for the same. The butter was a lot by itself, entirely separate from other goods. No attempt was made at the time of sale to deliver the butter, but it was suffered to remain in the cellar without change. After the purchase of plaintiff, on the twentieth day of August, 1856, James Robertson, a creditor of Lowe, Ebbetts & Co., commenced suit against them by attachment, which was placed in the hands of the defendant, as sheriff of San Francisco county, by virtue of which he seized and levied upon the butter (claimed by plaintiff) as the property of Lowe, Ebbetts & Co., and put a keeper in charge of it, who took and kept the keys of the cellar. Some days after the levy, Robertson, the attaching-creditor, called on the debtors with the cellar keys in his hands, and proposed, on certain conditions, to release the attachment and surrender the keys. The debtors said they would consider whether they would comply with the proposition. Lowe then went to the sheriff's office, and the sheriff's clerk told him that the attachment was released, and he showed him written instructions to that effect. Lowe then immediately returned to the store, entered the cellar by the door of Davis & Seger, (who had rented and were occupying a part of it,) and delivered the butter to Mr. Davis, to be held by him for the plaintiff. At this time, there was no sheriff's officer in or about the building. Lowe then started out and met the keeper, who told him that the order to release the property from the attachment was countermanded. The keeper testifies·that he still retained the keys, and on entering the cellar he found the butter precisely where he left it, with the marks thereon made when first seized. The property then remained in the charge of the sheriff. Robertson subsequently recovered judgment in said action against Lowe, Ebbetts & Co., when the plaintiff brought this suit.

The case was tried in the Court below, without a jury, and a judgment rendered for plaintiff.

The defendant moved the Court to set aside the judgment and grant a new trial, which motion was denied, and the defendant appealed to this Court.

No briefs on file.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This case raises the same questions which were considered and decided upon a similar state of facts, in Stewart v. Scannell, (8 Cal., 80.) Upon the authority of that case, the judgment of the Court below is affirmed.