SMITH v. HALL & HUGGINS, Administrators of the Estate of Cook.

Where it appears on the face of the complaint that the cause of action is barred by the Statute of Limitations, demurrer lies.

A note not due at the death of the maker was presented to the administrator of his estate, March 5th, 1859, and rejected, and suit brought thereon March 12th, 1859—letters of administration having issued Dec. 4th, 1856, and no notice to creditors to present their claims having been published : *Held*, that the note is not barred by the Statute of Limitations.

The Statute of Limitations, as a rule, does not begin to run when no administration exists on the estate of the deceased at the time the cause of action accrued.

The twenty-fourth section of the Limitation Act of 1850, providing that, "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration," applies only to cases where the statute has commenced to run. The object of this section is not to curtail, but to prolong the period for suing in the given category.

Appeal from the Fifth District.

The facts appear in the opinion. The note in question was alleged to be a joint and several note of Cook & Kinney to the order of plaintiff. Plaintiff had judgment below. Defendant appeals.

*Hall & Huggins*, Appellants, in person.

*W. T. Wallace*, for Respondent.

Baldwin, J. delivered the opinion of the Court—Cope, J. concurring.

Cook made his note (with Mr. Kinney) on the 27th June, 1851, due July 22d, 1852. He died February 15th, 1852. Letters of administration issued on his estate December 4th, 1856. On the fifth of March, 1859, the claim was presented to the administrator and rejected ; and on the twelfth of March, 1859, this suit was brought. On demurrer to the complaint presenting these facts, the Court held that the Statute of Limitations did not bar the claim. The defendant appeals from the judgment.

Smith *v.* Hall.

We have held in several cases that if it appear upon the face of the complaint that the cause of action is barred by the Statute of Limitations, a demurrer for this cause may be interposed by the defendant. It is to be observed that no averment is made in the complaint of the publication of notice of administration and for the presentation of claims against the estate. It is also to be noticed that the cause of action in this case had not accrued at the time of the death of the intestate. The question, therefore, is this : Is a note not due at the time of the death of the intestate barred for failure to present it to the administrator within three years or less after grant of administration, no publication having been made by the administrator? The general rule is, that the Statute of Limitations does not begin to run when no administration exists on the decedent's estate at the time the cause of action accrued. (*Dan-glada* v. *De la Guerra*, 10 Cal. 7.) And as the general act prescribes four years as the period of limitation on promissory notes, it cannot be held by force of this statute that this claim is barred. If barred at all, the bar arises from the special act applicable to the estates of deceased persons. (Wood's Dig. 404.) The third section of the act provides that, if a claim be not presented within ten months after the first publication of the notice before referred to, it shall be barred forever. But it seems no publication was made, and therefore no bar exists so far. We do not understand the twenty-fourth article (sec. 24) of the Act of Limitations (Wood's Digest, 48) as conflicting with the view we have taken. That section only applies to cases where the statute has commenced to run. This construction is evident as well from reason as from the language of the section. The words are, that the plaintiff may bring his suit in the case mentioned " after the expiration of the period of limitation," and the additional year, etc. The object was not to curtail, but to prolong the period for suing in the given category.

Judgment affirmed.