[Civ. No. 1310.   Third Appellate District.—January 26, 1915.]

ANNA B. SULLIVAN, as Administratrix of the Estate of
Rose Bartels Sullivan, Deceased, Respondent, v. JENNIE
A. GILLON, Appellant.

CLAIM AND DELIVERY—ACTION BY ADMINISTRATRIX—WRONGFUL TAKING
OF PERSONAL PROPERTY OF ESTATE—STATUTE OF LIMITATIONS.—An
action in claim and delivery to recover possession or the value of
certain articles of jewelry alleged to belong to the estate of plain-
tiff's intestate which defendant is alleged to have wrongfully taken
possession of after the death of the decedent, is barred by the pro-
visions of subdivision 3 of section 338 of the Code of Civil Pro-
cedure, where it is not brought within three years after the taking
of such property, although no administration was ever had upon the
decedent's estate until more than sixteen years thereafter.

APPEAL from a judgment of the Superior Court of
Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Frank E. Powers, for Appellant.

Andrew Thorne, and C. J. Goodell, for Respondent.

CHIPMAN, P. J.—The action is claim and delivery to re-
cover possession or the value of certain articles of jewelry,
of the agreed value of three hundred and sixty dollars, al-
leged to belong to decedent's estate, which defendant wrong-
fully withholds from plaintiff.   Plaintiff's intestate died on
April 24, 1895, and, on August 21, 1911, more than sixteen
years thereafter, plaintiff was appointed administratrix of
the estate of said deceased.

It is alleged in the amended complaint that, on the tenth
day of May, 1895, and after the death of decedent, defend-
ant wrongfully took possession of said personal property
"and has ever since the tenth day of May, 1905, unlawfully
and wrongfully withheld all of said goods and chattels"; that
no administration upon the estate of said deceased "was
ever had except as hereinbefore alleged"; that plaintiff is
the daughter of deceased and, at the time of the death of
deceased, plaintiff was thirteen years old.

There are certain averments in the complaint which appellant contends were intended to charge defendant as a trustee, either voluntary or involuntary. Respondent, however, claims that the action is simple claim and delivery and in this we agree with respondent.

Among other defenses, subdivision 3 of section 338 of the Code of Civil Procedure, is pleaded in bar of the action. This section provides that actions for the detention or recovery of personal property shall be commenced within three years after the cause of action has accrued. The averment of the amended complaint is and the court found on sufficient evidence that the cause of action accrued on May 10, 1895, about two weeks after the death of deceased.

Unless some statute can be found making an exception in cases such as this, the action, in our opinion, is barred by the section of the code above cited. The only section to which our attention has been drawn by respondent is section 353 of the Code of Civil Procedure. The precise question was, we think, decided in *Tynan* v. *Walker*, 35 Cal. 634, [95 Am. Dec. 152]. That was an action of ejectment brought by plaintiff as administrator of the estate of William D. Bell, deceased, to recover possession of certain land. Defendant took possession under claim of right after the death of decedent, who died in April, 1854, but plaintiff was not appointed administrator until twelve years subsequent to the death of Bell. It was held that the statute of limitations must run in all cases not expressly excepted from its operation. Referring to the statute, section 24 of the act of 1850, which is the same as section 353 of the Code of Civil Procedure, the court, speaking through Chief Justice Sanderson, said: "No provision is made excepting a case where the party who would have been entitled to sue dies before the cause of action has accrued." "Nor," said the learned judge, "do we perceive any substantial reason why any exception should be made. If the cause of action does not accrue until after the death of the party who would have been entitled to sue, the persons interested in his estate—his creditors, heirs and devisees—have the full time allowed by the statute in which to move in the matter to obtain a grant of administration and commence an action." Speaking of the statute which provides that civil actions shall be commenced within certain periods therein prescribed "after the cause

of action shall have accrued," it was said: "The clause 'after the cause of action shall have accrued,' does not, in our judgment, imply, in addition, the existence of a person legally competent to enforce it by suit."

Respondent is mistaken in assuming that adverse possession in the *Tynan* v. *Walker* case was taken *before* Bell died. The facts stated show that Walker went into possession at the request of Bell and after the latter's death Walker set up a claim in his own right and this was the right litigated. Besides, it was held immaterial whether the right of action accrued before or after the death of Bell since the exception related exclusively to cases where the action accrued *against* the deceased, there being no exception covering the case of an action accruing in his favor.

Respondent cites several California cases involving section 353, but they are all cases where the cause of action accrued against the deceased either before or after his death. Among them is *In re Bullard,* 116 Cal. 355, [48 Pac. 219], in which the early cases of *Danglada* v. *De la Guerra,* 10 Cal. 386, and *Smith* v. *Hall,* 19 Cal. 85, were cited.

The question in the Bullard case arose under section 353 of the Code of Civil Procedure, which, as already pointed out, is identical with section 24, act of 1850 (Stats. 1850, p. 346) under which the earlier cases were decided, and were all cases where the cause of action accrued against the deceased, which are expressly provided for in the act of 1850 and in section 353 of the Code of Civil Procedure.

In a concurring opinion by Chief Justice Beatty, in the Bullard case, he places his concurrence on the doctrine stated in *Smith* v. *Hall,* 19 Cal. 85, and upon section 1500 of the Code of Civil Procedure, which forbids the commencement of any action upon a claim against a decedent unless the claim is first presented to an executor or an administrator, etc., and he adds: "It seems to always have been considered absurd to hold that the statute would run against a cause of action which could not possibly be put in suit." Further, he said: "*Tynan* v. *Walker,* 35 Cal. 634, 645, [95 Am. Dec. 152], was the converse of this case, in which it was held that the representatives of an intestate could not keep alive a right of action indefinitely by neglecting to take out administration. The reasoning of Judge Sanderson (35 Cal. 643, 644, [95 Am. Dec. 152]) does seem to support the con-

tention of appellant, but the case was different and the point decided was different. *The reason for the exception engrafted upon the statute in Smith* v. *Hall,* 19 Cal. 85, *does not exist when the right of action is one in favor of the decedent.*'' (Italics ours.)

Respondent cites 18 Cyc. 915 and 916, and some cases from other states which appear to give the rule as contended for by her, but we do not find it necessary to examine the statutes elsewhere. *Tynan* v. *Walker,* 35 Cal. 634, [95 Am. Dec. 152], has given us the rule in this state and, so far as we are aware, it has never been departed from. In *Cortelyou* v. *Imperial Land Co.,* 166 Cal. 14, 24, [134 Pac. 981, 984], it was said: ''This case has been approved in several subsequent decisions and it must be deemed to be the established rule in this state.'' ·

The judgment is reversed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1915.