[L. A. No. 10526. In Bank.—September 12, 1930.]

KENNETH CARTER et al., Appellants, v. A. H. CHOTINER et al., Respondents.

Murphy & Cohen and L. J. Murphy for Appellants.

L. B. Binford for Respondents.

CURTIS, J.—This is an action brought by plaintiffs to restrain and enjoin defendants Chotiner and Sher, partners under the fictitious name of "Paradise Cemetery," from using for cemetery purposes a certain ten acres of land owned by them, on the ground that such use will be a nuisance, and cause irreparable injury and damages to the premises and health of plaintiffs. Such damage and injury, it is alleged, will be caused by reason of the pollution of the water in the wells used by plaintiffs for domestic and stock purposes. Plaintiffs are owners of property adjoining that of the cemetery. The cemetery is not within the

limits of any municipality, but is within the Santa Fe Springs district in the county of Los Angeles, about twelve miles from the city of Los Angeles. After the cemetery had been in operation a few months, and a few burials had been made, plaintiffs brought this action and secured a temporary restraining order. After a rather lengthy trial before the court without a jury, during the course of which the trial judge visited the premises and personally observed the physical characteristics of the properties involved, the court dissolved the restraining order and denied the application of plaintiffs for an injunction to prohibit defendants from operating a cemetery at all, but did enjoin the defendants from interring any bodies within a strip forty feet wide encircling the cemetery grounds. Plaintiffs appeal.

The complaint is a lengthy one, and in addition to pleading the facts in reference to danger from pollution of waters, it sets forth two ordinances of the county of Los Angeles (Nos. 927 and 956) by the terms of which it is provided that no cemetery may be established in any portion of Los Angeles County where any portion of the same ''shall be located in any community where within a distance of one mile from said cemetery there are situated one hundred or more dwelling houses or other buildings used in whole or in part for the habitation of human beings'' without first obtaining a permit from the board of supervisors which permit shall only be granted after a public hearing. Violation of said ordinance is made a misdemeanor.

Respondents admitted, although burials had already been made in the cemetery, that up to the time of trial no such permit had been secured, although it appears that a permit has since been secured. The parties stipulated at the time of trial that within a radius of one mile from the cemetery there are 122 buildings used in whole or in part for the habitation of human beings. It might be here mentioned that based on the above figures there is an average of one building used for the habitation of human beings for every sixteen acres within the circle provided for in the above ordinances.

The amended answer denied all the material allegations of the complaint and also pleaded certain special defenses, including the special defense that the above ordinances are unconstitutional.

In reference to the constitutionality of the above ordinances, it should be noted that that problem is not properly involved on this appeal. Those ordinances are penal in nature. It is elementary that violation of a penal ordinance does not of itself create a private nuisance *per se,* and it is likewise elemctary that in the absence of special injury an injunction will not be granted on the application of a private individual merely to prevent violation of a penal statute. (Civ. Code, sec. 3369; 14 Cal. Jur. 211, sec. 25.)

The main question involved on this appeal is whether the findings of the trial court to the effect that the maintaining of the cemetery will not constitute a nuisance are supported by the evidence.

 It should be here mentioned that although, for obvious reasons, cemeteries are subject to regulation under the police power, the business of running a cemetery is a lawful business and the mere maintaining a cemetery does not create a nuisance *per se.* To provide for the repose of the dead is as lawful as to provide for the comfort of the living. (*County of Los Angeles* v. *Hollywood Cemetery Assn.,* 124 Cal. 344 [71 Am. St. Rep. 75, 57 Pac. 153].)

The main portion of appellants' case was devoted to expert testimony in an attempt to show that in the opinion of these experts· the maintaining of a cemetery at that particular place, because of the location and slope of the land and the nature of the soil, would result in the polluting of the wells of appellants to their injury. There is no doubt that pollution of water constitutes a nuisance and in a proper case will be enjoined. (26 Cal. Jur. 192, sec. 400.) The testimony of respondents' experts, however, was equally emphatic to the effect that there was no such danger of pollution. Under the circumstances we are presented with a mere conflict in the evidence which on this appeal must be resolved in favor of the respondents.

The testimony of respondents, in addition to showing no actual danger to appellants, showed that appellants themselves maintained cesspools and toilet vaults on their own property in close proximity to the wells used for domestic purposes, and that these constituted a greater danger than the cemetery. Of course it is clearly the law that the mere fact that others in the neighborhood are likewise

maintaining a nuisance in no way would excuse the respondents for their maintenance of a nuisance (20 Cal. Jur. 284, sec. 20; *Robinson* v. *Baugh*, 31 Mich. 290, 293; *Davis* v. *Spragg*, 72 W. Va. 672, 676 [47 L. R. A. (N. S.) 173, 79 S. E. 652]), but when appellants' own acts create the same type of danger of which they are complaining, those acts may certainly be considered in determining whether respondents' acts actually constitute a nuisance under all the circumstances. (20 R. C. L., p. 440, sec. 54; p. 492, sec. 106.)

■ However, we do not intend to hold that the presence of the cesspools and toilet vaults is controlling in this case. As stated above, that is merely one of the circumstances to be considered. From the respondents' testimony we find ample evidence to sustain the finding that in fact no nuisance was shown to exist in this particular case.

■ As stated heretofore, although the trial court dissolved the preliminary injunction and denied the application of appellants for an injunction to prohibit respondents from operating a cemetery at all on the ten acres involved, it did enjoin the respondents from interring any bodies within a strip forty feet wide from the boundaries of the cemetery property. The trial court likewise assessed costs against appellants. Appellants contend that this was error, on the ground that appellants thus secured partial relief, and that in such cases it is error to assess costs against the successful party. In this appellants are in error. Section 1022 of the Code of Civil Procedure expressly fixes the cases in which the costs must be allowed to parties plaintiff, and the case at bar does not come within that section. Section 1025 of the Code of Civil Procedure provides that in all other actions than those mentioned in section 1022 the matter of the allowance of costs is within the discretion of the court. In the absence of a statute to the contrary, the rule is well settled that in actions in equity costs may be allowed, assessed, withheld or apportioned in the discretion of the court. (7 Cal. Jur. 264, sec. 7.)

For the foregoing reasons the judgment appealed from must be and it is hereby affirmed.

Preston, J., Waste, C. J., Seawell, J., Richards, J., Shenk, J., and Langdon, J., concurred.