[Civ. No. 9545. First Appellate District, Division Two.—January 28, 1935.]

THE PEOPLE ex rel. THE CHIROPRACTIC LEAGUE OF CALIFORNIA (a Voluntary Association), Respondent, v. ROSCOE C. STEELE et al., Appellants.

J. H. McKnight and Edward A. Stuart for Appellants.

U. S. Webb, Attorney-General, Leon French, and Lionel Browne, Deputies Attorney-General, and Frank V. Kingston, for Respondent.

Thomas Morris, as *Amicus Curiae* on Behalf of Appellants.

DOOLING, J., *pro tem.*—This is an appeal from a judgment enjoining appellants, all of whom are licensed chiropractors under section 7, Statutes of 1923, page lxxxvii (the Chiropractic Act), from practicing or attempting to practice or advertising or holding themselves out as practicing certain designated modes of treating the sick and afflicted. It was claimed by the plaintiff that a license to practice under the Chiropractic Act did not authorize the use by the licentiate of any of the modes of treatment enumerated in the judgment, and that consequently the practice of such modes by appellants constituted a public nuisance which could be enjoined by the state. While claiming that their licenses did authorize the use of the enjoined modes of treatment, appellants also urged in the trial court and are urging on this appeal that in any event under the evidence produced in the trial court, there was no basis for the finding that the practices enjoined constituted a nuisance and consequently that the remedy by injunction was not available to the state. It is obvious that if appellants are correct in this contention the judgment appealed from must be reversed.

Whatever may be the rule in other jurisdictions, by express provision of our Civil Code, section 3369: "Neither specific nor preventive relief can be granted to enforce a penalty or forfeiture in any case, nor to enforce a penal law, except in a case of nuisance or unfair competition." Unless the practice of the methods of treatment enjoined constitutes a nuisance it seems clear that injunction as a remedy is expressly forbidden by the quoted section.

It is the theory of respondent that the practice of medicine without a license is a menace to public health and hence a public nuisance. ▮ It is the general rule, however, that the violation of a penal statute does not constitute a nuisance unless the doing of the prohibited acts would constitute a nuisance in the absence of the statute. (46 C. J., p. 660.) The question has been fully discussed and the above rule followed in two recent cases in our Supreme Court, *Perrin* v. *Mountain View Mausoleum Assn.*, 206 Cal. 669 [275 Pac. 787], and *Carter* v. *Chotiner*, 210 Cal. 288 [291 Pac. 577], and in another case in the District Court of Appeal, *People* v. *Seccombe*, 103 Cal. App. 306 [284 Pac. 725].

In *Carter* v. *Chotiner, supra,* the Supreme Court said at page 291: "It is elementary that violation of a penal ordinance does not of itself create a private nuisance *per se,* . . ."

In *People* v. *Seccombe, supra,* at page 311, we read: "But as a nuisance may exist without a concomitant crime, so may criminality exist without the criminal act or course of conduct constituting a nuisance as defined by the laws of this state. It follows that where the action is for abatement of a nuisance by injunction or otherwise, facts which bring the act or course of conduct within the definition of a nuisance must be pleaded, and it is not sufficient to allege merely that the defendant has committed and intends to commit additional criminal acts."

▮ The specific question of whether practicing a healing art without a license required by statute is a nuisance *per se,* has not been before the appellate courts of this state, but in a majority of the jurisdictions of this country in which the question has been passed upon the courts have held that the practice of a healing art in violation of the terms of a statute is not *per se* a nuisance. (*State* v. *John-*

*son,* 26 N. M. 20 [188 Pac. 1109]; *Dean* v. *State,* 151 Ga.
371 [106 S. E. 792, 40 A. L. R. 1132]; *State* v. *Maltby,* 108
Neb. 578 [188 N. W. 175]; *Redmond* v. *State,* 152 Miss. 54 .
[118 So. 360]; *State* v. *Smith,* (Ariz.) 29 Pac. (2d) 718,
31 Pac. (2d) 102, 92 A. L. R. 173; *People* v. *Universal
Chiropractors' Assn.,* 302 Ill. 228 [134 N. E. 4].)

The rule is thus laid down by the Supreme Court of
Arizona in *State* v. *Smith, supra,* 29 Pac. (2d), at page 721:
"The practice of medicine and surgery is not *per se* a nui-
sance. A license does not add to one's qualifications. It
only shows that the holder thereof has complied with the
law. His skill and ability as a practitioner would be the
same before as after he secured the license."

The Supreme Court of Mississippi similarly said in *Red-
mond* v. *State, supra,* at page 367 [118 So.]: "A person might
acquire the very greatest learning and skill in medicine, and
might practice most usefully upon people in cases calling for
that skill, and still not be a licensed physician. . . . Conse-
quently, whether a man is examined by the board, or not,
does not, of itself, furnish the requisite skill and knowledge.
Therefore such practice of medicine is not a nuisance *per
se,* and if a nuisance at all, would be made such by the man-
ner in which it is pursued."

So in *Dean* v. *State, supra,* page 793 [106 S. E.] the Su-
preme Court of Georgia said: "Will equity, at the instance of
the state, enjoin a person from practicing the profession of
medicine simply because such person has failed to take the pre-
scribed examination and to obtain a license from the state
board of medical examiners authorizing him so to do, in viola-
tion of the penal laws of the state? To state the question is to
answer it. The chancellor did not find that the practice
of plaintiff in error's profession worked hurt, inconvenience,
or damage to any particular person or to the public or to
any particular part of the public. If the plaintiff in error
had obtained the license required of practitioners of medi-
cine, the same acts and conduct complained of in the peti-
tion, so far as determined by the chancellor, would have been
legal and would have worked no hurt, inconvenience, or
damage. . . . "

It is plain from the foregoing quotations that the reason-
ing by which the courts have reached the conclusion that the
practice of a healing art in violation of a statute is not

a nuisance *per se,* rests upon the broad basis that that which is not a nuisance *per se* in the absence of a statute forbidding it, does not become a nuisance by virtue of the fact that it is forbidden by a statute. To put the matter more concretely unless it be found either that appellants are not competent to practice the modes of treatment enjoined or that the modes of treatment enjoined are in themselves harmful and injurious to the patients upon whom they are practiced, they would not constitute a nuisance in the absense of a statute forbidding them; and since the adoption of such a statute would neither render incompetent a practitioner who was otherwise competent, nor render injurious a method of treatment which was otherwise beneficial or innocuous, its mere adoption could not render that a nuisance which otherwise was not.

Respondent cites and relies upon *Kentucky State Board* v. *Payne,* 213 Ky. 382 [281 S. W. 188], and *State* v. *Anderson,* 6 Tenn. Civ. App. 1. These cases represent the minority view that the practice of a healing art in violation of a statute becomes *per se* a nuisance, and are in conflict with the majority view expressed in the cases from other jurisdictions hereinabove cited, and in principle likewise conflict with the California cases cited above. There are certain jurisdictions wherein the statute expressly authorizes the remedy by injunction against the unlawful practice of a healing art. (*Board of Medical Examiners* v. *Blair,* 57 Utah, 516 [196 Pac. 221]; *State* v. *Fray,* 214 Iowa, 53 [241 N. W. 663, 81 A. L. R. 286].) Such cases are not in point upon the question of whether injunction may be availed of in the absence of a statute expressly authorizing its use.

The trial court did find in this case that the use of the enjoined methods of treatment by appellants is "dangerous and injurious to the health of the community or neighborhood or a considerable number of persons of said city and county and state so as to interfere with the comfortable enjoyment of health and life of the people thereof". Appellant attacks this finding as unsupported by the evidence, and we have been pointed by respondent to no evidence in the transcript which would support this finding, nor have we found any such evidence, although in view of the importance of the case the entire typewritten transcript has been read. In justice to the trial court it should be said

that we read the quoted finding as being based upon the proposition that the violation of the statute constituted a nuisance *per se,* a proposition that we have decided against on this appeal.

The pleadings contain allegations of incompetence and lack of skill of appellants in the use of the .modes of treatment sought to be enjoined and danger to the public by reason thereof. Upon a new trial evidence addressed to these issues may be introduced, but the trial resulting in the judgment appealed from was apparently conducted by respondent on the theory that the competence and skill of appellants was immaterial, and no evidence was introduced upon that subject.

Respondent apparently relies strongly on *In re Wood,* 194 Cal. 49 [227 Pac. 908]. An examination of that case shows that the injunction there involved was sustained not on the ground that the enjoined acts constituted a public nuisance because in violation of the Criminal Syndicalism Act, but because they constituted a public nuisance in themselves without regard to that act. The court held that acts which in themselves constitute a public nuisance may be enjoined although they are forbidden by a penal statute. It did not hold that acts which are not in themselves a public nuisance, may be enjoined because they are in violation of a penal statute.

We conclude that as there was no evidence introduced which would support a finding that the practicing of the enjoined modes of treatment constituted a nuisance in fact, and as the practicing of such modes could not become a nuisance merely by virtue of their being forbidden by a penal statute, the case was not a proper one for injunction. (Civ. Code, sec. 3369.) That being so we need not here attempt to construe section 7 of the Chiropractic Act, or to determine whether or not the trial court's findings as to the rights given a licentiate under that act are correct or supported by the evidence.

For the reasons given the judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1935, and the following opinion then rendered thereon:

THE COURT.—In the petition for rehearing filed herein respondent urges that section 3369 of the Civil Code cannot be construed so as to limit the inherent power of the superior courts to grant injunctions. The section, however, in so far as it prohibits the issuance of an injunction to enforce a penal law except in a case of nuisance, is merely the codification of a general rule already existing at the time the section was adopted. The section was originally taken from Field's draft of the New York Civil Code, section 1883. In the report of the commissioners found at page VII of Field's draft it is said: "All the Commissioners profess is that they have endeavored to collect those general rules known to our law which are applicable to our present circumstances and ought to be continued." In the code commissioners' note appended to the section as originally drafted is cited in support of the provision here in question *Mayor of Hudson* v. *Thorne*, 7 Paige (N. Y.), 261, in which the chancellor said: "It is no part of the business of this court to enforce the penal laws of the state, or the by-laws of a corporation, by injunction, unless the act sought to be restrained is a nuisance." That this is the law now as it was then in a majority of the jurisdictions of this country, including California, we believe the citations in our opinion originally filed herein establish. That apparently was the view of section 3369 of the Civil Code taken by our Supreme Court in *Perrin* v. *Mountain View Mausoleum Assn.*, 206 Cal. 669 [275 Pac. 787]. In that case the court said at page 671, after quoting the section: "This statutory enactment is but the expression of the fundamental rule that courts of equity are not concerned with criminal matters and they cannot be resorted to for the prevention of criminal acts, except where property rights are involved."

 Respondent further contends that injunction may be resorted to in cases closely analogous to nuisance and in cases violative of public policy. This contention and the further contention of respondent that the continued violation of a statute constitutes in itself a public nuisance is fully discussed in *People* v. *Seccombe*, 103 Cal. App. 306, at pages 312–314 [284 Pac. 725]. The court there announced the conclusion that in order to justify the issuance of an injunction prohibiting criminal acts "it must appear that the acts, condition of property or course of conduct

complained of fall within the definition of a nuisance as laid down by our laws . . . '' We feel that we can add nothing to the analysis of the cases in support of that conclusion contained in the opinion on that case.

*People* v. *Barbiere,* 33 Cal. App. 770 [166 Pac. 812], and *State* v. *Fanning,* 96 Neb. 123 [147 Pac. 215], are distinguishable from this case on the ground that in them the courts were passing upon statutes which specifically declared places conducted in violation of those statutes to be public nuisances and provided for their abatement. Such cases as *Dworken* v. *Apartment House Owners Assn.,* 38 Ohio App. 265 [176 N. E. 577] , *Unger* v. *Landlords' Management Corp.,* 114 N. J. Eq. 68 [168 Atl. 229], and *Sloan* v. *Mitchell,* 113 W. Va. 506 [168 S. E. 800], proceeded on a theory foreign to this action. In those cases holders of licenses to practice a profession were allowed to enjoin unlicensed defendants from practicing the same profession in competition with them. The cases are not in point on the question of the right of the state to enjoin such unlicensed practice.

Respondent urges the claimed disastrous consequences of our decision. It is sufficient to point out that if the legislature had deemed the remedy ·by injunction necessary to the enforcement of the acts governing the practice of healing arts it would have been an easy matter to provide therefor by statute.

The petition for rehearing is denied.

Petitions by respondent and appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, were denied by the Supreme Court on March 29, 1935.