SHENK, J.
The plaintiff sued the trustee of an express trust and the beneficiaries thereof for an accounting, a declaration of the rights and duties of the respective parties under the trust provisions, and other equitable relief. From the judgment rendered the plaintiff appealed. No reporter’s transcript was filed. The appeal is presented on the clerk’s transcript and the briefs of the respective parties.
In February, 1929, John L. Wheeler and Louise A. Wheeler, the parents of the plaintiff, Sheldon C. Wheeler, entered into a declaration of trust whereby they conveyed to The First National Bank of Santa Ana certain described real and personal property, to hold for the benefit of the trustors in their lifetime, and thereafter for the benefit of their son and the brothers and sisters of John L. Wheeler. The real property consisted of a forty-acre orange grove situated in Orange County subject to a $50,000 mortgage, and a residence in Santa Ana subject to a $4,000 mortgage. The personal property consisted of money on deposit to the trustors’ account in the trustee bank; ranch equipment, machinery and tools; household goods and jewelry; certificates repre *187 senting 1,000 shares of stock of Merchants Petroleum Company ; five shares of Farmers and Merchants Savings Bank of Santa Ana; and six life and accident insurance policies issued on the life of John L. Wheeler.
Louise A. Wheeler died on November 13, 1930, survived by her cotrustor, John L. Wheeler. The only provisions of the trust declaration which are pertinent in this controversy are those which bear upon the happening of the contingency of the death of Louise A. Wheeler survived by John L. Wheeler.
Paragraph 5 of the trust declaration provides that upon the happening of that contingency, John L. Wheeler should be permitted to withdraw from the trust corpus all the household furniture, automobiles, and the jewelry, clothing and personal adornments of Louise A. Wheeler. The property remaining in the trust was then to be divided into two equal parts to be known as subdivisions “A” and “B”. John L. Wheeler was given the right to manage both parts and upon his written request at any time after three months following the death of Louise A. Wheeler, he had the right to withdraw from the trust the portion thereof comprising subdivision “A”. .He was permitted to retain all the income from both parts while they remained in the trust and to continue to receive the income from subdivision “B” should he withdraw subdivision “A”. It was further provided that thereafter, should subdivision “A” and the income from subdivision “B” be insufficient for his support and comfort, he should receive sufficient amounts of the principal of subdivision “B” as the trustee in its uncontrolled discretion should deem necessary and advisable, but payments of principal from subdivision “B” could not be made to him so long as there remained in his possession any part of subdivision “A”. The declaration of trust contained provisions for the distribution of subdivision “B” to Sheldon C. Wheeler and to the brothers and sisters of John L. Wheeler upon the latter’s death, which it is not necessary to notice specifically. The controversy here is concerned only with the propriety of the withdrawal by John L. Wheeler of a portion of the trust estate following the death of Louise A. Wheeler.
In March, 1931, pursuant to a written request of John L. Wheeler, the trustee transferred to him the northeasterly *188 ono-half of the forty-acre orange grove, the ranch equipment, household goods, jewelry and other personal property, the entire residence property subject to the $4,000 mortgage, one-half of the shares in the trust, and three of the insurance policies. John L. Wheeler also withdrew money on deposit amounting to about $2,000. He paid to the trustee the sum of $100 for the balance of the equity in the residence property. The mortgage on the forty-acre grove was adjusted by the payment thereon by John L. Wheeler of the sum of $5,000, and by a separate renewal of one-half of the remaining indebtedness of $45,000 against each twenty acres of the ranch property. The trustor failed to pay the insurance premiums on two of the insurance policies remaining in the trust, which thereupon lapsed. At the time of the trial he reconveyed to the trust a one-half interest in the farm equipment and machinery.
The trial court declared the rights of the parties and the powers and duties of the trustee, as to which no controversy is presented on this appeal. It found that a division of the estate at the time requested and a withdrawal of one part thereof was authorized by the trust provisions, but that the division made was not equal; that the part withdrawn by John L. Wheeler exceeded in value the part remaining by the sum of $15,786. After allowing certain credits on account of sums advanced by John L. Wheeler for the benefit of the trust, it- adjudged that equality would be attained by the payment into the trust, or upon the mortgage on the real property remaining in the trust, of the sum of $5,000. It therefore ordered that the defendant reimburse the trust estate and the trustee in the sum of $5,000. The judgment was made a lien upon all of the property transferred and withdrawn by John L. Wheeler from the trust estate, subject to the existing encumbrances thereon. The judgment contained the provision that the trustee should be under no obligation to cause execution to issue against any property of John L. Wheeler so long as the orchard property was owned by him without an increase otherwise in the encumbrances upon it. It also provided that John L. Wheeler should be relieved of the lien against his property upon the payment by him of $5,000 on the principal of the indebtedness against the orchard property remaining in the trust. The court decreed that the transfers of property withdrawn from *189 the trust by John L. Wheeler were not void and that the plaintiff was not entitled to judgment setting aside any of said transfers. It accordingly expressly ratified and confirmed such transfers.
The defendant, San Joaquin Fruit and Investment Company, which held the note and mortgage on the orchard property, filed a cross-complaint seeking a foreclosure of the mortgage indebtedness amounting the $22,500 against the orchard property remaining in the trust. Judgment of foreclosure was rendered by the court.
The court ordered that each party pay his own costs, except as specially otherwise provided by the judgment of foreclosure.
The plaintiff’s contention is that the trial court erred in refusing to set aside and cancel the transfers to John L. Wheeler and restore the property to the trust estate. The plaintiff seems to have assumed that the court’s findings and conclusions are to the effect that the transfers were wrongful and in violation of the terms of the trust. He therefore places reliance on cases wherein property has been converted by the trustee, or some other wrongful disposition thereof has been made in contravention of the trust. But we are satisfied that the plaintiff has misconceived the result of the'trial court’s action. Contrary to the plaintiff’s assumption, the court found that the transfers were not void but were authorized, and that the division of the property was merely unequal. It provided for equality by a judgment that $5,000 be placed in the trust estate by the surviving trustor, and otherwise ratified and confirmed the transfers. The plaintiff is not here in a position to urge that with the $5,000 additional placed in the trust the division would still be unequal in so far as value is concerned. He must rest his contentions on the argument that as a matter of law the findings require a judgment of cancellation. However, the provisions of the trust agreement support the court’s conclusion that the transfers were authorized and nothing appears on the record which indicates any abuse in the exercise by the court of its equity powers to equalize the division of property. The foregoing also answers the contention that the court should have ordered a money judgment as well against the trustee. We find no basis in the record for any assumption that the trustee acted wrongfully or that any *190 obligation rested upon it to restore anything to the trust corpus.
Belying on Estate of Spreclcels, 162 Cal. 559 [123 Pae. 371], the plaintiff urges that the trustors intended to create a tenancy in common between John L. Wheeler and the other beneficiaries of the trust and did not provide for a physical division of the property. That result in the Sprecbels case was reached because of a permissible interpretation of the will which, when given effect, would carry out the testator’s intent and avoid intestacy. In the present case such an interpretation is diametrically opposed to the specific provisions of the trust declaration and the obvious purpose of the trustors.
Likewise nothing appears to cast any doubt upon the propriety of the trial court’s approval of the equal apportionment of the balance of the mortgage indebtedness between the part of the orchard property withdrawn from the trust and the portion remaining therein. If there was an inequality in that division, the apportionment, so far as the record shows, has been equalized by the judgment of the court.
The plaintiff also urges that he should have been allowed his costs. He takes the view that having recovered a “money judgment” he has obtained partial relief, and that his costs should follow as a matter of right pursuant to the provisions of subdivision (a) of section 1032 of the Code of Civil Procedure. But again the plaintiff has misconceived the relief accorded to him. The provision for payment of $5,000 into the trust corpus by the defendant Wheeler is not a money judgment in favor of the plaintiff in the sense in which that term is used to denote the recovery of money as damages or as a debt due. The recovery by the plaintiff was confined to strictly equitable relief, being -the specific enforcement of the provisions of the trust by a judgment to return property, although in the converted form as to at least a portion thereof, to the trust estate to equalize the division of the property which was authorized by the trust agreement. So far as appears the result is the same as though the court had ordered the return of all property and a new and equal division in kind. There was therefore no error in the exercise of discretion to withhold or apportion the costs permitted by subdivision (c) of section 1032 of the *191 Code of Civil Procedure. (Carter v. Chotiner, 210 Cal. 288, 292 [291 Pac. 577].)
The judgment is affirmed.
Curtis, J., Edmonds, J., Langdon, J., Seawell, J., and Waste, P. J., concurred.
Rehearing denied.