[S. F. No. 16344. In Bank. June 9, 1942.]

INTERNATIONAL ASSOCIATION OF CLEANING AND DYE HOUSE WORKERS (an Association) et al., Appellants, v. CARL LANDOWITZ et al., Respondents.

Charles R. Garry for Appellants.

Walter C. Frame as Amicus Curiae on behalf of Appellants.

Gus C. Ringole and J. W. O'Neill for Respondents.

GIBSON, C. J.—This action was brought on behalf of the plaintiff union by its president to enjoin the defendants from continuing to violate the provisions of Ordinance No. 5.491 of the city and county of San Francisco, known as the Cleaning and Dyeing Code. The plaintiff union is composed of retail cleaners who own and operate one man shops, and defendants are the individual owners and operators of cleaning and pressing shops in San Francisco. Ordinance No. 5.491

is a so-called "code of fair competition" which became effective on April 26, 1937, and was adopted pursuant to the provisions of Stats. 1935, chap. 814, p. 2212. (Deering's Gen. Laws, 1935 Supp., Act 8780 f.) The code provided generally for the regulation of competitive practices among cleaners and dyers and set up a schedule of minimum prices which might be charged by members of the industry. Plaintiffs allege that defendants have continuously violated the provisions of the ordinance by cleaning garments at prices less than those set forth in the ordinance and that they have advertised to the general public that they would continue to perform cleaning services at such prices. Alleging that no adequate remedy at law exists, plaintiffs seek to enjoin defendants from committing further violations of the ordinance, a procedure which was specifically provided for in cases such as this by Stats. 1937, page 1215 (Deering's Gen. Laws, 1937, Act 8784, § 6.5). The Superior Court of the City and County of San Francisco sustained a general demurrer to plaintiffs' complaint without leave to amend, and plaintiffs bring this appeal from a judgment thereafter rendered in favor of defendants.

The superior court held that the complaint failed to state a cause of action upon the ground that the ordinance was unconstitutional. (See *In re Kazas,* 22 Cal. App. (2d) 161 [70 P. (2d) 962]; *In re Landowitz,* 22 Cal. App. (2d) 733 [71 P. (2d) 334]; *In re Herrick,* 25 Cal. App. (2d) 751 [77 P. (2d) 262]; *People* v. *Osborne,* 17 Cal. App. (2d) (Supp.) 771 [59 P. (2d) 1083].) It is urged on appeal that these cases are out of line with modern authority (see 119 A. L. R. 1481; 111 A. L. R. 353), and plaintiffs contend that under recent cases this court would be justified in sustaining the constitutionality of the ordinance involved here. The constitutionality of the ordinance is no longer an issue, however, in connection with this appeal, for we are satisfied that the judgment of the superior court must be affirmed, entirely apart from the question whether the ordinance is constitutional.

Ordinance No. 5.491 was enacted under the specific authority of Stats. 1935, page 2212 (as amended by Stats. 1937, p. 1215; Deering's Gen. Laws, 1937, Act. 8784.) The present injunction proceeding was instituted under section 6.5 of that statute, which provided: "Any person, firm, corporation, trade association, the people of the State of California or

proper official of the State or a political subdivision, may maintain an action to enjoin the commission or continuance of any act in violation of any provision of a code adopted under the provisions of this act. . . ." In 1941, however, the Legislature repealed both Stats. 1935, page 2212, and Stats. 1937, page 1215. (Stats. 1941, ch. 526, p. 1847; Bus. & Prof. Code, § 30028.) The repeal of these enabling statutes, under which Ordinance No. 5.491 was adopted, has an important bearing on the validity of the ordinance, but it has an even more immediate relation to plaintiffs' right to maintain the present action. The ordinance involved here is clearly penal in nature, providing in article 13, "Any person, firm or corporation violating any provision or provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine . . . or by imprisonment . . . or by both such fine and imprisonment." In view of the well-established doctrine that equity will not ordinarily restrain the violation of a penal law (Civ. Code, § 3369 (1); *People* v. *Lim,* 18 Cal. (2d) 872, 880 [118 P. (2d) 472]; *Perrin* v. *Mountain View Mausoleum Assn.,* 206 Cal. 669, 671 [275 Pac. 787]; see 14 Cal. Jur. 211) and in view of the fact that this ordinance is clearly penal in nature, it follows that plaintiffs' action in equity to restrain its violation requires specific authorization, in the absence of which it must be held that the complaint fails to state a cause of action.

The complaint in this action is entitled "Action for an Injunction to Restrain Violations of the Cleaning and Dyeing Code, Ordinance No. 5.491 of the City and County of San Francisco, Pursuant to the Provisions of Chapter 814, Statutes of 1935, as Amended by the Statutes of 1937." The statutory authority for such an action in equity, which was formerly provided by the statutes referred to, has now been withdrawn. Unless some other basis for the action exists, therefore, no cause of action is stated and the judgment of the superior court must be affirmed. No other authorization for this action has been called to our attention. Since 1933, it is true, section 3369 of the Civil Code has provided that any person performing an act of unfair competition may be enjoined. As used in that section, unfair competition means "unfair of fraudulent business practice and unfair, untrue or misleading advertising . . ." (Civ. Code, § 3369 (3).) Omitting the question of false advertising which is not in-

volved in this case, the statutory definition of "unfair competition" thus incorporated in Civil Code, § 3369, is not essentially different from that which has historically furnished the basis for equity injunctions against unfair competition. Such injunctions were not directed against business practices like the ones involved here which, if unfair, are made so under special statute. Those actions ordinarily involved the fraudulent passing off of one person's goods as those of another. (*American Philatelic Soc.* v. *Claibourne*, 3 Cal. (2d) 689, 697 [46 P. (2d) 135]; *A. L. A. Schechter Poultry Co.* v. *United States*, 295 U. S. 495, 531-532 [55 S. Ct. 837, 79 L. Ed. 1570, 97 A. L. R. 947]; see Nims, Unfair Competition [2d ed. 1917], p. 547; Chaffee, *Unfair Competition* (1940) 53 Harv. L. Rev. 1289, 1301; 24 Cal. Jur. 628.) In recent years the common law concept of unfair competition has been broadened by statutes which range from prohibitions against "unfair methods of competition" (see Derenberg, Trade-Mark Protection and Unfair Trading (1936), pp. 160 et seq.; Montague, *Unfair Methods of Competition* (1915) 25 Yale L. J. 20; (1935) 21 Va. L. Rev. 545, 546-551) to the so-called "codes of fair competition" adopted during the recent economic depression. (See Chaffee, *op. cit. supra,* pp. 1307, 1308.)

■ The phrase "unfair competition" when carried beyond its traditional scope in equitable actions, however, does not have a fixed meaning in the absence of statutory definition. Courts of equity, therefore, are loath to enjoin conduct on that ground in the absence of specific authorization therefor. (See Chaffee, *op. cit. supra,* pp. 1316 et seq.) The reasons underlying this rule are similar to those governing courts of equity in the issuance of injunctions against nuisances. We recently held in such a case that where the conduct sought to be enjoined was not within the traditional equitable jurisdiction, it must be brought clearly within the statutory definition of the term "nuisance" and could not be predicated on the vague definitions of that term found in the early criminal law. (*People* v. *Lim, supra,* p. 880.) ■ Civil Code, section 3369, contains no broader a definition of the term "unfair competition" than existed at common law and in itself furnishes no basis for an injunction against the violation of the penal ordinance involved in this case. Where the Legislature has sought to regulate methods of competition by means of injunction, it has specifically described the conduct which is prohibited. It has provided that such conduct might be enjoined in equity and the courts have accepted the new

duties which the Legislature has thus imposed upon them. (See *Wholesale T. Dealers* v. *National etc. Co.*, 11 Cal. (2d) 634, 662-663 [82 P. (2d) 3, 118 A. L. R. 486]; Bus. & Prof. Code, §§ 17070, 17535; Stats. 1941, pp. 729, 1843.) This was the practice followed by the Legislature in enacting the statute upon which codes of fair competition, such as the one involved in the present case, were based. (See Stats. 1937, p. 1215; Deering's Gen. Laws, 1937, Act 8784, § 6.5.) The repeal of Act 8784 in 1941, however, constituted a withdrawal of the statutory authority upon which this equitable cause of action was based. ██ Where a statutory remedy is repealed without a saving clause and where no rights have vested under the statute, it is established that the right to maintain an action based thereon is terminated. (See *Penziner* v. *West American Finance Co.*, 10 Cal. (2d) 160, 170 [74 P. (2d) 252]; *Southern Service Co., Ltd.* v. *Los Angeles County*, 15 Cal. (2d) 1, 11-12 [97 P. (2d) 963].) ██ It follows that the trial court, which held that the complaint did not state a cause of action and which rendered a judgment for defendants, reached a result which is clearly correct under the present facts of this case apart from the question of the constitutionality of the ordinance. ██ It is true that ordinarily an appellate court will review the action of the trial court as of the time when it was rendered, but where matters of which the court has judicial knowledge occur subsequent to the trial court's action and have the effect of destroying the basis for the plaintiff's cause of action, it has been held that the appellate court may dispose of the case upon those grounds. (*Sewell* v. *Johnson,* 165 Cal. 762, 769 [134 Pac. 704, Ann. Cas. 1915B, 645]; see 2 Cal. Jur. 807.) This is particularly true where the effect of a statutory alteration is to lend conclusive support to the trial court's determination because if the judgment is correct, the appellate court need not concern itself with the reasons which impelled the trial court to act. ██ "In other words, it is judicial action, and not judicial reasoning or argument, which is the subject of review; and, if the former be correct, we are not concerned with the faults of the latter." (Van Fleet, J., in *Davey* v. *Southern Pacific Co.*, 116 Cal. 325 [48 Pac. 117]; see 2 Cal. Jur. 808 et seq.)

The judgment for defendants is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.